# East Tenn., Va. & Ga. Railroad Co. *v.* Thompson.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Injuries to brakeman from overhanging supply-pipe at water-tank.* The supply-pipe at a water-tank, hanging over or near a railroad track, is a part of its ways, works, machinery or plant, as those words

[East Tenn., Va. & Ga. Railroad Co. v. Thompson.]

are used in the statute (Code, § 2590); and if it hangs so near to the track that a brakeman, passing under it in the discharge of his duties, is struck and injured, or killed, not being guilty of contributory negligence, an action for damages lies against the railroad company.

2. *Issue on defective plea.*—When issue is joined, without objection, on a defective plea, advantage can not be taken of the defect by a motion to exclude evidence which is relevant.

3. *Proof of residence.*—Residence is a fact to which a witness may testify, or he may testify to acts and circumstances from which it may be inferred; but it can not be proved by general reputation, nor by the declaration of associates or neighbors, which are mere hearsay.

4. *Evidence as to height of suspended pipe, and of ordinary cars.*—It being a material question whether the supply-pipe, by which a brakeman was knocked from the top of a freight car and killed, hung too low, and evidence having been introduced of its height above the track, evidence of the height of the ordinary freight cars in use on the road is relevant and admissible.

5. *Proof of telegram; impeaching witness.*—A witness can not be questioned, for the purpose of impeaching him, as to the contents of a telegram which he sent, unless the writing is produced, and shown or read to him.

6. *Relevancy of evidence as to dangerous position of supply-pipe.* Plaintiff's intestate, a brakeman, having been knocked from the top of a freight car by a suspended or projecting supply-pipe at a water-tank, and the question being whether the pipe was hanging or projecting in dangerous proximity to the track, the fact that no person had ever before been struck or injured by it, though it had been in the same position for several years, and trains were passing under it every day and night, is relevant and admissible as evidence for the railroad company,

7. *Argumentative charges.*—A charge which instructs the jury that certain facts, hypothetically stated, "are circumstances to which they may look in determining" a disputed question, is properly refused, because argumentative; but giving such a charge is not a reversible error, unless it asserts an incorrect legal principle.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. LEROY F. BOX.

PETTUS & PETTUS, for appellant.

BLACKWELL & KEITH, DEAN & SMITH, and E. P. TREADWAY, *contra.*

CLOPTON, J.—This action is brought by appellee, as administratrix of Anderson Thompson, under section 2591 of the Code. The complaint, which is framed under the first subdivision of section 2590, avers that plaintiff's intestate was, at the time he was killed, in the employment of defendant as brakeman, and that while in the discharge of his duties on the top of a car, attached to a running train, he was struck by a pipe projecting from a water-tank, knocked off, and caused to fall under the train, resulting in his death. The defect which caused his injury is alleged as follows : "That said pipe was

projecting from said tank, and overhanging defendant's road-bed in such a careless and dangerous position, that a brake-man, standing on the top of a moving train, could not pass thereby without being knocked off." There can be no question that the supply-pipe of a water-tank is, in the meaning of the statute, a part of the ways, works, machinery or plant, con-nected with, or used in the business of a railroad company ; and if an employè is injured, without contributory negligence on his part, by reason of a defect therein, which arose from, or was not discovered and remedied owing to the negligence of defendant, or of some person intrusted with the duty of seeing that such ways, works, machinery or plant were in proper condition, the company is answerable in damages. *Ga. Pac. Railway Co. v. Brooks*, 84 Ala. 138.

Among other pleas, the defendant filed two special pleas negativing the existence of the statutory facts which confer authority on courts of probate within their respective counties to grant letters of administration, and averring that the letters granted to plaintiff are void. Whether the validity of the letters can be collaterally assailed, it is unnecessary to decide. Plaintiff having joined issue on the pleas, any competent evi-dence tending to support their truth is admissible. Residence is a fact to which a witness may testify, or he may testify to the acts of the party, or the circumstances from which it may be inferred. But it can not be proved by what the people at the alleged place of residence, or the relatives of the deceased, said, or the general reputation among the people with whom he associated, as to where he lived. This is mere hearsay.

One of the main issues being whether the pipe projected so far, and suspended so low, that a brakeman on the top of a car could not safely pass under it, evidence of the height of the ordinary freight cars in use on defendant's road was rele-vant, especially in connection with testimony as to the distance of the pipe from the level of the track. Such evidence throws light on a material inquiry.—*Ala. Gr. So. R. R. Co. v. Smith,* 90 Ala. 25.

Neither was there error in refusing to allow defendant to ask the witness Robinson if he did not, on the night of the accident, or the next day, telegraph the superintendent of de-fendant's road, that deceased lived in Rome, Georgia, and to send his body to that place. If the purpose was to prove the residence of deceased, the question is obnoxious to the objec-tion that residence can not be proved by declarations of a third person, and especially when such third person is the agent of defendant. If the purpose was impeachment, the telegram, being in writing, should have been produced and

shown, or read to the witness, that he might have opportunity to inspect and explain, or its non-production accounted for. *Floyd v. State*, 82 Ala. 16.

If the supply-pipe to the tank had been for a number of years in the same relative position in which it was at the time plaintiff's intestate was killed, and freight trains had passed the pipe each day and night during that period, and no brakeman or other person had been previously injured, these are facts proper to be considered by the jury on the inquiry of negligence on the part of defendant, or of contributory negligence on the part of deceased.—*L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *A. G. S. R. R. Co. v. Arnold*, 84 Ala. 159. It is the duty of the jury to consider the evidence tending to show such facts, as it is their duty to consider all evidence admitted before them. But the charges asked by defendant, based on the hypothesis of these facts, are objectionable for the reason, that they select and direct special attention to the evidence tending to show that phase of the defense, and give it undue prominence. We have heretofore observed, more than once, that "charges of this character—assuming that the jury 'may look to this fact,' or 'may consider that fact,' or are authorized to infer certain formulated conclusions from the evidence, and especially from specific parts of it—have often been condemned by us as objectionable, and should never be given, although the *giving* or the *refusal* of such instructions may not be a reversible error. They are legitimate arguments to the jury, not announcements of legal principles proper to be in the form of instructions by the court."—*Snyder v. Burke*, 84 Ala. 53. Such charges are regarded as mere arguments, and on this account properly refused.—*Salm v. State*, 89 Ala. 56; *Hawes v. State*, 88 Ala. 37; *Riley v. State*, 88 Ala. 188. The charge given at the instance of plaintiff is subject to the same objection. It is a mere argument announcing no legal proposition, but having been given, will not reverse the judgment. It is manifest on the evidence that the court would not have been justified in giving the affirmative charge in favor of defendant, or the charge that the jury could not find for plaintiff.

We have examined the other rulings assigned for error, and discover no error in them.

Affirmed.