# Northern Alabama Railway Co. *v.* Mansell, Admr.

*Action by Administrator against Railroad Company for Alleged Negligent Killing of Employe.*

1. *Action by administrator against railroad company for negligent killing of intestate; sufficiency of complaint.*—In an action brought by an administrator against a railroad company to recover damages for the alleged negligent killing of his intestate, who was an employe of the defendant, when brought under the statute which gives to a personal representative the right to maintain an action for negligence causing the death of his intestate, if the intestate could have himself maintained an action for the wrong, if it had not resulted in death, (Code, § 27), a complaint is not subject to demurrer for failing to impute negligence to a fellow servant of the intestate; since the liability which may exist under the statute is determinable by the rules of the common law, which permit a servant to recover for injuries caused by the wrong of the master.

2. *Action against railroad company; admissibility of evidence.*— In an action by an administrator against a railroad company to recover damages for the alleged negligent killing of plaintiff's intestate who was an employe of the defendant, where it is shown that the intestate's death was caused by being struck by a stock gap while he was leaning out from a train, and the contention of the plaintiff was that the stock gap was too close to the track, and was negligently constructed by having a wire attached thereto, and the evidence was in

[Northern Alabama Railway Co. v. Mansell, Admr.]

some conflict as to whether the deceased was first struck by a plank of the stock gap or was caught by the wire, it is competent for the plaintiff to introduce in evidence the trousers which were worn by the deceased when he was injured, and which were torn, as being relevant to such issue.

3. *Evidence; introduction of testimony in rebuttal within the discretion of the trial court.*—When, in the trial of a civil case, after the defendant has rested in the introduction of evidence, the plaintiff introduces a witness in rebuttal, the question as to whether or not the testimony of such a witness is in rebuttal is addressed to the unrevisable discretion of the trial court; and the overruling of an objection to such testimony, upon the ground that it was not in rebuttal, will not be reviewed on appeal.

4. *Same; cross-examination.*—It is permissible, in the cross-examination of a witness, to ask him a question which has a tendency to contradict the testimony given by him on direct examination.

5. *Duty of railroads as to construction of roadway; usage by well regulated railroad; charge in reference thereto.*—While, in determining whether a railroad company in the construction and maintenance of its roadway has exercised due care, it is proper to consider the usage prevailing on other well regulated railroads, all railroads are not required to conform to one standard, and the duty of one railroad company in reference to the care in the construction and maintenance of its roadway, may be performed by providing a roadway not in conformity with such usage; and, therefore, in an action against a railroad company for damages alleged to have been caused by a defective construction and maintenance of its roadway, a charge is erroneous which assumes that, subject only to the defense of contributory negligence, the plaintiff would be entitled to recover, if the track and roadway, at the place of the accident, were not such as were provided on well regulated roads generally, and that the failure to have it so was the proximate cause of the plaintiff's injury.

6. *Action against two railroad companies for damage to employe; allegata and probata must correspond; general affirmative charge.*—Where an administrator sues two railroad companies to recover damages for the alleged negligent killing of the plaintiff's intestate, and the complaint alleges that the intestate received the injuries resulting in his death while in the service and under the control of both of the defendants, and the proof discloses that he was under the control and in the service of only one of them when he received the injuries

which resulted in his death, there is a fatal variance between the allegations of the complaint and the proof, and each of the defendants is entitled to the general affirmative charge.

7. *Railroad company; duty as to construction of its roadway.*—A railroad company, in the original construction of its railroad, should exercise due care, and the duty of using care is one which it can not delegate to other persons, so as to relieve itself of the consequence of negligence in its construction.

8. *Action against railroad company for killing of intestate; when negligence of co-employe does not impose liability.*—Where an action against a railroad company by an administrator, to recover damages for the alleged negligent killing of the plaintiff's intestate, who was in the employment of the defendant, is brought under the statute, which gives a personal representative the right to maintain an action for a wrong causing the death of his intestate, the plaintiff is not entitled to recover, upon showing that the injuries resulting in his death were caused on account of negligence on the part of a co-employe or fellow-servant; and a charge which so instructs the jury should be given at the request of the defendant.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. ED. B. ALMON.

This was an action brought by J. W. Mansell, as administrator of the estate of William T. Barrett, deceased, against the Northern Alabama Railway Company and the Southern Railway Company, seeking to recover damages for the alleged negligent killing of the plaintiff's intestate. The complaint contained three counts, in each of which the plaintiff claimed fifty thousand dollars damages.

The first count averred that on August 29, 1900, "the defendants then owned and operated a line of railroad from the city of Sheffield, * * * into and through a portion of the county of Walker in the State of Alabama, and as common carriers, ran and operated locomotive engines, cars and trains on said line of railroad;" that on said date the plaintiff's intestate was employed by and engaged in the esrvice of "the defendants, as a brakeman or flagman on a passenger train of defendants then being run and operated by said defendants on

their said line of railroad;" that the said defendants owed the plaintiff's intestate the duty of providing safe and sufficient roadway and track for the passage of their trains thereon and for the safe discharge by plaintiff of his duty as brakeman or flagman; but that "the defendants failed and neglected to perform their said duty to plaintiff's intestate while so in their service and employment, to provide and maintain such safe track, roadway and adjacent structures connected therewith, but by their negligence and want of care allowed their said track and roadway and adjacent structures connected therewith to become and remain unsafe and dangerous, in that the said defendants had constructed a certain stock gap and structure on and adjacent to their track and roadway, so close to their track and roadway at a point on said line or roadway, * * * that the said track and roadway were unsafe and dangerous to the plaintiff's intestate when engaged in his said services and duty as brakeman or flagman on said train of the defendants, and that by reason thereof, on the day and date aforesaid, the plaintiff's intestate while in the said service and employment as such brakeman or flagman was violently hurled and struck against a projecting plank, piece of timber or other portion, or appliance used in said structure and stock gap," and suffered great bodily injury, from the effects of which he died on September 1, 1903, and that said injuries and death of plaintiff's intestate "were caused by the negligence of the defendants in not providing and maintaining a suitable and safe track, roadway and structures for the performance by plaintiff's intestate of his duties as such brakeman or flagman in and about the running and operation of said passenger train, to the damages of the plaintiff," etc.

The second count, after substantially the same prefatory averments and alleging the duty which the defendants owed the plaintiff's intestate, and that he was injured by being violently thrown against a part of a certain stock gap on the line of said defendants' road, alleged the negligence complained of in words and figures as follows: "That the said injuries to and death of

said Barrett, plaintiff's intestate, were caused by the negligence of the defendants in not providing a safe roadway, track and adjacent structure connected therewith, and in maintaining and suffering to remain along near and adjacent to their said line of railroad said stock gap and parts and appliances thereof, in such state and condition that the same was dangerous to, and did destroy the life of plaintiff's intestate, said William T. Barrett, while so engaged and employed as a brakeman or flagman, on the said train of the defendants, to the damage of the plaintiff in the sum of fifty thousand dollars, as aforesaid, for which he brings this suit."

The third count after substantially the same prefatory averments, alleged the negligence complained of in words and figures as follows: "That the said injuries and death of plaintiff's intestate were caused by reason of a defect in the condition of the roadway or track used in the business of said defendants, which said defect in said roadway consisted in this, that the said stock gap, or the wings thereof, were so constructed and maintained, that the plaintiff's intestate, in the said discharge of his duties aforesaid, was struck by the plank, timber, or some other portion of said stock gap, or the wings thereof, that he was injured and killed thereby, that the said structure was so close to the track of said line of railroad and passenger trains passing thereon that the same was dangerous and caused the roadway of said defendants to be defective and unsafe, and that such unsafe and defective stock gap and structure adjacent to the same and connected therewith were maintained by the negligence of the defendants, and that by the negligence of the defendants aforesaid the injuries to and death of the plaintiff's intestate was caused, to the plaintiff's damage in the sum of fifty thousand dollars, as aforesaid, for which he brings this suit."

Each of the defendants separately and severally demurred to each of the several counts of the complaint upon the following grounds: 1. For that said count does not show that the wrong complained of was jointly done by these defendants. 2. For that said count does

not show that there was any joint purpose on the part of these defendants to commit the wrong complained of, or that there was any joint purpose imputable to them to commit said alleged wrong. 3. For that said count shows that these defendants, if liable at all, are liable separately, and not jointly. 4. For that said count shows that the action therein contained, is an action under section 1749 of the Code, known as the "Employer's Liability Act," yet fails to allege or state such facts or such negligence of omission of duty as would hold the defendant liable under the said section 1749, known as the "Employer's Liability Act." 5. For that said count states no cause of action against this defendant, in this; that it shows on its face that the accident and injury complained of was not caused by any defect in the ways, works, machinery or plant of the defendant, or used by the defendant in the operation of its road. 6. Said count states no cause of action against this defendant in this: that said count shows that if there was any negligence which proximately caused the injury complained of in said count, it was the negligence of a fellow servant of plaintiff's intestate for which the defendant is not liable. These demurrers were overruled.

The defendants separately and severally pleaded five pleas. The first was the plea of the general issue. The second and third were as follows: "2. Further answering each count of said complaint, said defendant says that the accident and injury to the intestate of the plaintiff would not have happened but for the negligence of the plaintiff's intestate himself, which contributed proximately to his own injury. And said defendant says that said proximate contributory negligence of plaintiff's intestate consisted in this: that in attempting to perform the duties required of him in the position which he occupied on the railroad of the Northern Alabama Railway Company, he so negligently performed the same, that as aforesaid, it contributed proximately to his own injury and death.

"3. Further answering each count of said complaint the said defendant says that the accident and injury to the intestate of the plaintiff would not have happen-

ed but for the negligence of the plaintiff's intestate himself, which proximately contributed to his own injury. And said defendant says that said proximate contributory negligence of plaintiff's intestate consisted in this: that plaintiff's intestate was a brakeman, or flagman, on the train which was being operated at the time and was one of the crew of said train, and that plaintiff's intestate knew, or by the exercise of due diligence on his part could have known that the stock gap against which it is alleged he was thrown, and by which it is alleged he was knocked from the train, was in the position which it occupied with respect to the railroad track and to passing cars, yet notwithstanding this, plaintiff's intestate negligently leaned out of the car on which he was riding, and negligently placed himself in such a position that in passing said stock gap he was struck by the same, and knocked from the train, thus by his said negligence contributing proximately to his own injury and death."

Under the opinion it is unnecessary to set out the 4th plea. The fifth plea was as follows: "5. Further answering each count of said complaint, the defendant says that if there was any negligence causing proximately the injury and death of the deceased, as charged in said complaint, it was the negligence of a fellow servant of the deceased, for which this defendant is not responsible."

Demurrers were interposed to fourth and fifth pleas. The fourth plea as originally filed is not set out in the record, but appears only as amended, after the demurrer thereto had been sustained. The demurrer to the 5th plea was sustained. The trial was had upon issue joined on the other pleas.

On the trial of the case, it was shown by the evidence, that William T. Barrett, the plaintiff's intestate, was killed by being struck by a stock gap which was constructed near the track of the Northern Alabama Railway Company; that said Barrett was in the employ of the Northern Alabama Railway Company as a flagman on a passenger train; that at the time of the accident he was on a train which was running

at the rate of twenty-five or thirty-five miles an hour; that he had discovered that there was a hot box on one of the trucks under the last coach of the train; that he went to the steps of this coach and taking a position on the last or bottom step, and catching hold of the hand rail, he leaned out the full length of his arms from the coach and looked under the coach to see something about the hot box of the truck; that in doing this he was looking towards the back of the train, in an opposite direction from which the train was going; that he had just taken this position when his body struck the stock gap, and that the injuries sustained by him resulted in his death. It was further shown that he was about twenty-one years old, was married and was in good health. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court gave the general affirmative charge in favor of the Southern Railway Company, instructing the jury at the same time that there was no evidence in the case against the railway company that would authorize a verdict.

The court in its general charge to the jury, among other things, instructed them as follows: "Now, in the first place, it was the duty of this railroad company to furnish a roadway reasonably safe for Mr. Barrett to discharge his duties as flagman. It is claimed, gentlemen, that the railroad company failed, and was negligent in that duty; that it constructed and allowed its railroad track, or the cattle gaps adjacent to the railroad track, to be so erected and maintained as to be unsafe for Mr. Barrett to have discharged his duties while acting as such flagman for said railroad company. You are to determine that, as to whether or not (that stock gap there was so constructed and maintained or not from the testimony as given to you by the witness. It was the duty of that railroad company to furnish such a track, and such a stock gap there as well regulated railroads do, and if they did not, and that was the cause, and the proximate cause of Barrett's death, then the plaintiff in this case should be entitled to recover) ; un-

less Barrett should have contributed—should have been guilty of contributory negligence which was the direct and proximate cause of his death." The defendant separately excepted to that portion of the charge copied above which is in parentheses.

Among the other charges requested by the defendants, to the refusal of the court to give each of which the defendants separately excepted, were the following: (11.) "The court charges the jury that in order to charge the Northern Alabama Railway Company in this case, the negligence, if there was any, must be brought home to the said defendant, that is to say to the president of the company, or the directors of the company, or to the general superintendent of the company." (12.) "The court charges the jury that in this cause the plaintiff's intestate is to be considered as a fellow servant with the conductor, the engineer, the road master, and the bridge foreman, and that if the fault be in any of the above mentioned persons, or his assistant workmen, the defendant, the Northern Alabama Railway Company, can not be charged in this action for such fault or negligence, if there was any such fault or negligence." (13.) "The court charges the jury that they can not find a verdict against the Northern Alabama Railway Company on account of any negligence on the part of any fellow servant of plaintiff's intestate, although such negligence on the part of the fellow servants of the deceased may have caused the injury and death of Barrett." (14.) "The court charges the jury that in this case the burden of proof is on the plaintiff to show not only that there was a defect in the roadway or track, and that the injury was caused by this defect, but it is also upon the plaintiff to show that such defect resulted from the negligence of the defendant, the Northern Alabama Railway Company, and not the fellow servants of Barrett, and the court further charges the jury that negligence against the defendant, the Northern Alabama Railway Company, can not be presumed from the fact that there was a defect and an injury in consequence of it." (15.) "The court charges the jury that

[Northern Alabama Railway Co. v. Mansell, Admr.]

in this case there is a variance between the allegations of the complaint and the proof, and that their verdict must be for the defendant, the Northern Alabama Railway Company."

There were verdict and judgment for the plaintiff against the Northern Alabama Railway Company, assessing his damages at twenty-five thousand dollars. The defendant, the Northern Alabama Railway Company, made a motion for a new trial, assigning as grounds thereof that the verdict was excessive, and the several rulings of the trial court to which exceptions were reserved. This motion was overruled, and the defendants duly excepted.

The present appeal is prosecuted by the Northern Alabama Railway Company, and it assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—The court should have sustained the demurrers to complaint and each count thereof.—*R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501.

If the counts should be construed as being under section 1749 of the Code, then not one of the counts is sufficient, and each is subject to the demurrers interposed.—*B. Ry & Elec. Co. v. Baylor*, 101 Ala. 488; *M. & O. R. R. Co. v. George*, 94 Ala. 199; *Woodson v. Sea-Moore*, 128 Ala. 434.

A cattle gap is not a part of the ways, works, machinery or plant of the railroad, and this demurrer should have been sustained.—*G. P. Ry. Co. v. Brooks*, 84 Ala. 138; *B. F. Mfg. Co. v. Gross*, 97 Ala. 220; *Clements v. A. G. S. R. R. Co.*, 127 Ala. 166; *Southern Ry. Co. v. board Mfg. Co.*, 94 Ala. 143.

If the counts should be held to be drawn under section 27 of the Code, and not under the employer's liability act, then the demurrers should have been sustained, because they state no cause of action against this appellant.—*Harris v. McNamara*, 97 Ala. 181; *R. R. Co. v. Holborn,* 84 Ala. 133; *Lovel v. DeBardeleben*, 90 Ala.

13; *Sheffield v. Harris*, 101 Ala. 564; *Woodward Iron Co. v. Cook*, 124 Ala. 349; 27 So. Rep. 455.

The demurrer to the fifth plea should not have been sustained.

The plea attempted to set up as a defense to the suit that if there was any negligence it was that of a fellow servant. The court had held already, by its rulings on the demurrers that this was not an action under the employers' liability act, but was under section 27 of the Code.

This being so, the plea was a good plea, and presented a valid defense.—*Harris v. McNamara*, 97 Ala. 181; *R. R. Co. v. Holborn*, 84 Ala. 133; *Lovel v. DeBardeleben*, 90 Ala. 13; *Sheffield v. Harris*, 101 Ala. 564; *Woodward Iron Co. v. Cook*, 124 Ala. 349.

The court should not have allowed the pants of the deceased to be introduced in evidence.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 211.

It has been many times been held by this court that the burden of proof is on the plaintiff to show not only a defect, but the burden of proof is upon him also to show that there was negligence which caused the defect originally, or negligence in not repairing it after it was discovered. Negligence will not be presumed when only the defect is proven, and the injury in consequence of the defect. This was held to be the law prior to the adoption of the Employers' Liability Act.—*M. & O. R. R. Co. v. Thomas*, 42 Ala. 672, 719; *M. & M. R. R. Co. v. Smoot*, 67 Ala. 13, 19; *L. & N. R. R. Co. v. Allen*, 78 Ala. 494.

Since the adoption of the Employers' Liability Act the same principle is held to be the law.—*L. & N. R. R. Co. v. Davis*, 91 Ala. 487; *Mary Lee Co. v. Chambliss*, 97 Ala. 171, 176; *Tuck v. L. & N. R. R. Co.*, 98 Ala. 150.

The portion of the court's oral charge to which exceptions were reserved was erroneous.

Charges Nos. 12 and 13 should have been given by the court. If this be an action under section 27 of the Code then the appellant can not be held responsible for the negligence of a fellow servant.—*Harris v. McNamara*, 97 Ala. 181; *R. R. Co. v. Holborn*, 84 Ala. 133; *Lovell*

*v. DeBardeleben Coal & Iron Co.,* 90 Ala. 13; *Sheffield v. Harris,* 101 Ala. 564; *Woodward Iron Co. v. Cook,* 124 Ala. 349.

The court should have given written charge No. 14, requested by the appellant; this charge is fully sustained by the following authorities.—*M. & O. R. R. Co. v. Thomas,* 42 Ala. 672; *R. R. Co. v. Smoot,* 67 Ala. 13, 19; *R. R. Co. v. Allen,* 78 Ala. 494; *R. R. Co. v. Davis,* 94 Ala. 487; *Tuck v. R. R. Co.,* 98 Ala. 150; *Mary Lee Co. v. Chambliss,* 97 Ala. 171; *L. & N. R. R. Co. v. Binion,* 98 Ala. 570.

THOS. R. ROULHAC, *contra.*—The relation of master and servant being established and alleged in this case, we have the inquiry: What are the duties which a railroad company or any other master owed at the common law, and still owes, unaffected by the employer's act to the servant, which it employs.

The common law rule, that the master is bound to use reasonable care to prevent accidents to his servants, and to this end is bound to furnish suitable machinery and appliances, and to use a like reasonable care in keeping them in proper repair, is as applicable to a railroad company, in respect to its servants, as to any other employer of labor and service.—3 Wood's Railway Law, § 537; 20 Ency. Law, (2d ed.), p. 59, (d.) ; Wood's Master & Servants, § 357.

A like duty has been held to devolve upon such company to prevent obstructions on or near its tracks and structures connected therewith, which render the operation of its trains dangerous to its servants, and a like liability for injury to the servant therefrom.—20 Ency. of Law (2d ed.), 62, bb; *E. T., V. & G. R. R. Co. v. Thompson,* 94 Ala. 638; *Bir. R. & E. Co. v. Baylor,* 101 Ala. 492; *A. G. S. R. R. Co. v. Clements,* 127 Ala. 166; *R. R. Co. v. Holborn,* 84 Ala. 133; *Sheffield v. Harris,* 101 Ala. 570.

The introduction of the pants of the deceased was entirely proper.—*Watkins v. State,* 89 Ala. 88; *Dorsey v. State,* 107 Ala. 160.

The defendant was guilty of negligence in the construction of the stock gap in question, and the plaintiff was, therefore, entitled to recover. The duty of the company to this class of its employes is to provide a roadway in all respects reasonably safe for the running of its trains and the performance of the functions imposed upon them by the exigencies of the service, and they have a right to assume without inquiry or investigation that this duty has been discharged.—*Ga. Pac. R. Co. v. Davis,* 92 Ala. 309; *Un. Pac. R. R. Co. v. O'Brien,* 161 U. S. 457; *Ford v. R. R. Co.,* 24 L. R. A. 663; *Underwood Case,* 90 Ala. 53; *Plank v. R. R. Co.,* 60 N. Y. 607; *K. C. M. & B. R. R. Co. v. Webb,* 97 Ala. 162; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 589; *Wilson v. L. & N. R. R. Co.,* 85 Ala. 269; *L. & N. R. R. Co. v. Banks,* 104 Ala. 516.

SHARPE, J.—The complaint counts on the maintenance by defendants of a fence forming part of a stock gap in such proximity to their track as to cause plaintiff's intestate to be knocked from a train and killed while he was performing work which he as a brakeman or flagman in their employ was required to do. It does not in either of its three counts impute negligence or other wrong to any fellow servant of the intestate, and is, therefore, not brought under the employer's act embodied in Chapter 43 of the Code.—*Holland v. Tenn, Coal, Iron & R. R. Co.,* 91 Ala. 444; *Mobile & Ohio R. R. Co., v. George,* 94 Ala. 199; *Seaboard Mfg. Co., v. Woodson,* 94 Ala. 143. But the complaint is not for that reason demurrable, nor is it open to any objection raised by the demurrer. The action is to be regarded as brought under section 27 of the Code, which gives to a personal representative the right to maintain an action for a wrong causing the death of his intestate, if the intestate could himself have maintained an action for the wrong if it had not caused death. The liability which may exist under this statute is determinable by the rule of the common law, including those which permit a ser-

vant to recover for injury caused by the wrong of the master but denies the latter's liability for injury received at the hands of his fellow servant when the injury is not attributable to fault of the master in committing the exercise of some function to an unfit person. *Stewart v. Railroad Co.*, 83 Ala. 493.

Of all that is averred in plea 5 defendant had the benefit under the plea of the general issue. Hence if there was error in sustaining the demurrer to plea 5, it was without injury.—*L. & N. R. R. Co., v. Hall*, 87 Ala. 708. Plea 4 as it stood before amendment is not set out in the record, consequently the ruling on the demurrer to that plea as first filed cannot be reviewed.

Barrett, the deceased, when killed, was and had been for several weeks employed by the defendant, the North ern Alabama Railway Company, as a flagman on its passenger train. On the day of the accident there was a hot box on one of the trucks of a coach, and while the train was running Barrett stood upon the bottom step at the front of the coach with his back toward the forward end of the train and holding the step railing, leaned out beyond the side of the coach, to watch the hot box, when he was struck by a wing of a stock gap on which a wire was fastened. There was evidence tending to show that the conductor had told Barrett to watch the box. The distance between the plank and wire of the stock gap, and the coach, was variously estimated by the witnesses; some placing it at about three feet and others at about fifteen inches, and some evidence indicated that below the step of the coach the distance was lessened by the wire. The wire had been attached to the fence by a bridge foreman of the Northern Alabama Railway Company some time after the gap was first constructed and for the purpose of preventing stock from passing through. The evidence was in some conflict as to whether the gap as first made was as wide as others in use on this and other railroads. Whether the deceased was first caught by the plank of the fence or by the wire, the evidence was not clear. As tending to elucidate that matter the torn pants worn

by the deceased when injured were properly allowed to be exhibited as evidence. A witness was allowed to testify as to his observation of the distance between a fence and a coach of a train other than that upon which deceased was injured. The only objection to this testimony being that it was not in rebuttal, the overruling of the objection may be referred to the unrevisable discretion of the trial court.

The conductor on direct examination having disclaimed any recollection of having instructed Barrett to watch the hot box, and having further testified to effect that Barrett could have watched the box from a position out of danger from the stock gap, it was permissible, for the purpose of contradicting that testimony for the defendant, to ask him on cross examination whether after the accident he said with reference to Barrett "a better boy never lived, and he lost his life doing his duty."

The law independent of statute requires of employers the exercise of diligence for the prevention of injury to their employes from defective conditions in such places as the employer may provide for carrying on the appointed work, and a defect obnoxious to this requirement may arise from a thing which so narrows a railroad way as to endanger trainmen in the proper performance of their duties.—*Ga. Pac. R. R. Co. v. Davis*, 92 Ala.300; *E. T. V. & G. R. R. Co. v. Thompson*, 94 Ala. 636; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *McNamara v. Logan*, 100 Ala. 187; *Whipple v. N. Y. R. R. Co.*, 19 R. I. 587; 61 Am. St. Rep. 796; *Pittsburg R. R. Co. v. Parrish*, 28 Ind. App. 189; 91 Am. St. Rep. 120. The duty referred to goes only to the extent of exacting of employers the use of reasonable care, such as ordinarily prudent persons are accustomed to exercise in like matters.—*L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *Holland's case, supra*; Dresser on Employer's Liability, pp. 194-5.

As evidential of what in the exercise of due care ought to have been done in the construction and maintainance of the roadway, it was proper to consider the

usage prevailing on other well regulated railroads; but "all railroads are not required to conform to one standard," and safety may be conserved and, therefore, the duty of care performed by providing a roadway not in conformity with such usage.—*L. & N. R. R. Co. v. Hall.* 87 Ala. 708: *L. & N. R. R. Co. v. Jones,* 30 Ala. 456; *Richmond & Danville R. R. Co. r. Weems,* 97 Ala., 270. In the part of the oral charge first excepted to this principle was ignored, and it was erroneously assumed that subject only to the defense of contributory negligence the plaintiff would be entitled to recover if the track and stock gap in question was not such as were furnished on well regulated railroads generally, and if the failure to have it so was the proximate cause of the death of plaintiff's intestate. Such failure would not necessarily and as a matter of law have established the charge at negligence. Whether it did so, depended in part on whether the duties of trainmen were such as in their proper execution might expose them to danger of collision with the structure, and this was a question about which different conclusions might well have been drawn from the evidence. Had there been no variance between the complaint and the proof, the question of negligence on defendant's part, and of contributory negligence would, under the evidence, have been proper for the determination of the jury.

There was testimony uncontradicted and unimpeached showing that the railroad on which the accident occurred was that of the defendant, the Northern Alabama Railway. Company; that the same was not operated by the defendant, the Southern Railway Company, and that the deceased was not in the employ of the latter company. The fact of which there was evidence, that the two companies were officered by the same persons, was not inconsistent with the positive testimony on this point, and could afford no just inference opposed thereto. On the direct authority of *Dean v. The Railroad,* 98 Ala. 586, it must be held that because of the variance as appearing between the complaint and the proof as to the alleged relation of employer and employe, there was no right to a verdict against either de-

fendant, and that the general affirmative charge requested in behalf of the Northern Alabama Railroad Company ought to have been given. This is not opposed to the doctrine which ordinarily in actions of tort brought against several makes possible a recovery against less than the whole number of defendants. This action though *ex delicto* is for an alleged tort growing out of a contract, viz., the contract by which alone was created the relation which gives rise to the duty alleged to have been violated, and in such case proof of a contract different from that alleged constitutes a fatal variance.—*Wilkinson v. Mosley,* 18 Ala. 288; 22 Ency. Pl. & Pr. 565.

In the construction originally of the roadway, including the stock gap, the duty of using care was one which the railroad company was powerless to delegate so as to relieve itself of the consequences of negligence. *Ga. Pac. R. R. Co. v. Davis, supra;* Dresser on Employers' Liability, pp. 197-8. This principle justifies the refusal of charges 11 and 12.

The narrowing of the gap by means of the wire having been done subsequent to the original construction and by a bridge foreman of his own volition, may have been the act of a fellow servant only; and charge 13 was, therefore, applicable and correct.—*Mobile & Ohio Ry. v. Smith,* 59 Ala. 245; *Smoot v. M. & O. Ry.,* 67 Ala. 13; *E. T., V. & Ga. R. R. Co. v. Thompson, supra.*

Reversed and remanded.