(75 South. 289)

## CORONA COAL & IRON CO. v. AMERSON.
### (6 Div. 552.)

(Supreme Court of Alabama.    April 5, 1917.
Rehearing Denied May 17, 1917.)

MASTER AND SERVANT ⟨☞⟩277—INDEPENDENT CONTRACTOR—QUESTION FOR JURY.

In action for death of plaintiff's intestate from injuries in a coal mine, where evidence as to employment of said intestate by another than defendant coal mining company was conflicting, the question was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 953.]

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by M. M. Amerson, as administrator, against the Corona Coal & Iron Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911, p. 449. Affirmed.

See, also, 194 Ala. 175, 69 South. 601.

A. F. Fite, of Jasper, Borden Burr, of Birmingham, and Wm. B. Birch, of Macon, Ga., for apellant. Ray & Cooner, of Jasper, for appellee.

MAYFIELD, J. This is the second appeal in this case, and several of the questions now presented for decision were decided on the former appeal.

While the evidence on this appeal is not identical with that on the former, it is practically the same. The evidence going to show that Freeman was an independent contractor, and that defendant was not operating the mine; that intestate was not in the employ of defendant but of Freeman; that the superintendent (Norris), to whom negligence was ascribed, was the servant or agent of Freeman and not of the defendant—is somewhat stronger on this appeal than on the former; but there is yet evidence sufficient to carry the case to the jury as to each of these allegations in the complaint. Moreover, the trial court heard and saw the witnesses testify, and in this respect had a better opportunity of gauging the sufficiency of the evidence to carry the case to the jury than we have. We, therefore, adhere to the former ruling that these questions were each properly submitted to the jury; and we are not willing to say that the trial court should have set aside the verdict because the great weight of the evidence on this issue was against it. Some of the charges requested by the defendant would, in effect, have taken these questions from the jury, and such were therefore properly refused.

There was also evidence sufficient to carry the case to the jury on each of the counts which went to the jury, and there was no error in refusing any of the charges which would have taken the case, as to any of such counts, from the jury. While the evidence was in great conflict as to nearly every material issue on which the trial was had, and we would not have disturbed a verdict for the defendant under any one of the counts, yet they were jury questions, one and all, and it would therefore have been error to take the case from the jury as to any one of the counts. That is, there was some evidence to show that deceased was an employé of the defendant; that Norris, the superintendent, was also an employé of the company; that the place at which plaintiff was put to work was unsafe by reason of the failure to prop the roof, which fell on and killed plaintiff's intestate; that Norris was guilty of negligence in the failure to properly inspect the roof, and in the failure to prop it.

Of course there was much evidence tending to show that intestate's own conduct was the cause of his death, in that it was his own duty to prop the roof which fell upon him, and that he failed so to do, thus assuming the risk, and contributing to his own injury or death. This, however, was not shown without dispute, and was therefore a jury question, and the court properly declined to take the question from the jury.

There was also evidence to the effect that the roof was properly inspected, and that no defect or danger was discovered, and hence that it was not necessary to prop it, so far as a proper inspection could determine; but there was also evidence to the effect that the defect had been discovered and was known to those whose duty it was to have it remedied—that is, to have the rock torn down or the roof propped—and that they thereafter failed to remedy the defect.

There was also evidence to the effect that the defect complained of only arose when deceased removed the coal from under it, and therefore that it was his exclusive duty to discover the defect and have it remedied; but this was not without dispute, and the question could not be properly taken from the jury.

There was evidence, also, that deceased and others were remedying the particular defect when the injury occurred, and that the doctrine of "a safe place" or "safe machinery" did not apply to them while so engaged. That is, it is contended by appellant that the case is brought squarely within the rule announced in Tobler's Case, 166 Ala. 506, 52 South. 94, where it is said:

"Servants who are engaged in this construction or repair work of the plant of the master assume the risks which are obviously incident to the work of construction or repair. They are not allowed to complain of the ways, works, or machinery as being defective, when that defect is the very reason or the very cause of the servant's being there and at work, upon the occasion. The duty which originally rests upon the master to furnish safe ways, works, and machinery, for the time being and for the purpose of construction or repair, is suspended. It would be unreasonable to hold the master to the same degree of strictness while he is constructing his plant or repairing the ways, works,

or machinery as is required of him after he has constructed, or after the repairs have been completed and the plant is in operation. If it were otherwise, the master could not, with safety, repair or remedy a defect. Of course this rule of law, like others, has its limitations. It is not contended by the authorities on this subject, nor is it attempted to be decided here, that the master is never liable to the servant for an injury received while engaged in repairing or remedying the ways, works, or machinery of the master, but it is decided that the same rules will not apply in the construction or repairing of the ways, works, or machinery that apply after the completion of repairs and during operation. Labatt on Master and Servant, § 29 et seq."

There is, however, a dispute in the evidence as to this phase of the case; and we are not able to say, as matter of law, that the rule as to a safe place did not apply to deceased at the time of his death.

We find no error in either the oral charge or the written charges of the court to the jury. The court seems to have followed the law of the case as declared on the former appeal, 194 Ala. 175, 69 South. 601.

No other questions involved on the appeal merit a discussion.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.