(77 South. 552)

ODEN–ELLIOTT LUMBER CO. et al. v. ROWE.    (6 Div. 632.)

(Supreme Court of Alabama.   Nov. 15, 1917. On Rehearing, Dec. 24, 1917.)

MASTER AND SERVANT ⬅284(2)—ACTION FOR INJURY — IDENTITY OF MASTER — QUESTION FOR JURY.

Evidence in servant's action for injury as to identity of the master *held* insufficient to go to the jury as to one defendant, but sufficient as to the others.

Appeal from Circuit Court, Jefferson County; E. C. Crowe, Judge.

Action by Julius Rowe against the Oden-Elliott Lumber Company and certain individuals for damages for personal injuries. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under Act April 18, 1911 (Acts 1911, p. 449) § 6. Affirmed in part, and in part reversed and remanded.

Charge 1, refused to defendant, was the general affirmative charge against finding for the plaintiff.

Charge 2:

If you believe the evidence in this case, you cannot find for plaintiff, and against the Oden-Elliott Lumber Company, a corporation.

Charge 3: Same as 2, except as against Oden & Elliott, a partnership.

Allen, Fisk & Townsend, of Birmingham, for appellants.   W. A. Denson, of Birmingham, for appellee.

THOMAS, J.   The appellee, Julius Rowe, originally brought suit for personal injuries against the Oden-Elliott Lumber Company, a corporation, and the Stapp-Bass Lumber Company, a corporation.   During the trial, amendment of the complaint was made by adding, as defendants, J. W. Oden and J. J. Elliott, individually, and the partnership known as Oden & Elliott, composed of J. W. Oden and J. J. Elliott.   Upon the conclusion of all the evidence, the defendant Oden-Elliott Lumber Company requested the affirmative charge, which was refused by the court.   Motion for a new trial was made by the said corporation, it assigning as error the refusal of this charge.

The evidence introduced on behalf of plaintiff tended to show that, at the time he sustained the injury complained of, he was employed at the sawmill plant of "Stapp-Bass Lumber Company, Lorne, Shelby county, Ala."   On cross-examination, plaintiff testified that he was working for the Oden-Elliott Lumber Company; that he knew this to be a fact, because witness "saw Mr. Elliott about the plant," and saw him "give instructions to Mr. Clyott"; and stated that "the commissary across the track from the mill had a sign on it, the 'Oden-Elliott Lumber Company,' and we got our goods there."   Other witnesses for the plaintiff testified that at the time of plaintiff's injury they were employed by the Stapp-Bass Lumber Company, one of them stating that he "was hired and put to work by Mr. Clyott"; that he "was working for Elliott & Oden," so far as he knew; that he saw Mr. Elliott about the place occasionally, giving instructions; that witness received merchandise checks from the Stapp-Bass Lumber Company, good at the commissary across the tracks, which commissary had on it the Oden-Elliott Lumber Company sign.

Witness Battles stated, concerning his employment and work, at the time of the injury, that he got his pay from the Stapp-Bass Lumber Company sometimes, and sometimes drew merchandise checks, which were good at the Oden-Elliott Lumber Company's commissary across the tracks from the mill, and that on two occasions, at least, witness got checks from the Oden-Elliott Lumber Company's Birmingham office, for pay; and that he had no dealings with Mr. Oden or Mr. Elliott with reference to witness' employment or pay, unless the receiving of checks from Birming-

---

⬅For other cases see same topic and KEY.-NUMBER in all Key-Numbered Digests and Indexes

ham was such. Witness Armstrong testified, of his employment at the sawmill, that it was by the Stapp-Bass Lumber Company, at Lorne, Ala., of which plant Mr. Clyott was superintendent and general manager, he giving all orders to the men; that witness was employed by Oden & Elliott, and got merchandise checks good at the commissary across the tracks, which commissary displayed an Oden-Elliott Lumber Company sign.

Defendants' testimony tended to show that Clyott was superintendent and general manager of Stapp-Bass Lumber Company's plant at Lorne, such company being a corporation and owning and operating a sawmill plant when and where the plaintiff was hurt; that Mr. Elliott was its vice president, and that Clyott was a stockholder as well as the superintendent and general manager of said corporation; that neither the partnership known as Oden & Elliott, nor the Oden-Elliott Lumber Company, corporation, owned any stock in the Stapp-Bass Lumber Company; that all men at the mill were employed and discharged by Clyott; that neither Oden and Elliott as individuals, nor Oden & Elliott, a partnership, nor the Oden-Elliott Lumber Company, a corporation, had any direction or control over the operation of the mill so owned by the Stapp-Bass Lumber Company, corporation.

Defendants' testimony tended to show further, without conflict, that the Oden-Elliott Lumber Company, corporation, prior to October 1, 1914, did a lumber brokerage business, buying and selling lumber, sometimes operating commissaries at mills, but that since that date it had not been engaged in active business of any kind. Defendants' testimony tended to show, further, that the Oden-Elliott Lumber Company, partnership, after said date (October 1, 1914), carried on the same character of business that was formerly conducted by the corporation of the same name; that Oden & Elliott owned a large tract of timber land in Shelby county, the cutting of which was contracted to the Stapp-Bass Lumber Company; that Oden-Elliott Lumber Company, partnership, operated commissaries at or near mills of the Stapp-Bass Lumber Company, accepted merchandise orders by the latter issued to its employés, and had a traffic arrangement with the Stapp-Bass Company whereby the commissary partnership gave the Stapp-Bass Company a rebate of 10 per centum on such merchandise checks; and that said Oden-Elliott Lumber Company, partnership, furnished to the Stapp-Bass Company the money wherewith to meet its payrolls, and sometimes, upon direction by the latter company, the said Oden-Elliott Company sent checks directly to the employés of the Stapp-Bass Company, charging the same to the account of the last-named company; that such money so furnished the Stapp-Bass Company, and such merchandise sold to its employés, less the contract discount allowed, were charged against that company—credits being given it for lumber cut by it under the contract, in the settlements between the two companies.

It will be noted that in the testimony of plaintiff's witnesses, wherein some of them stated that they were working for the "Oden-Elliott Lumber Company," none was positive that he was employed by, and performed service for, the Oden-Elliott Lumber Company, a corporation. We are clear to the opinion, under the authority of the cases of Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601, and Corona Coal & Iron Co. v. Amerson, 75 South. 289,[1] that affirmative charges 1 and 3 were properly refused to the several defendants, except the Oden-Elliott Lumber Company, a body corporate. We are equally clear that under the foregoing authorities the affirmative charges requested by Oden-Elliott Lumber Company, corporation, was improperly refused. It did not become a jury question, under the evidence relating to this corporation, whether the plaintiff was in fact employed by it.

For the error of the trial court in refusing charge 2, requested by the defendant Oden-Elliott Lumber Company, corporation, the judgment of the circuit court as to said company is reversed, and the cause is remanded; but as to the other defendants the judgment is affirmed.

Affirmed in part, and in part reversed and remanded. .

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

### On Rehearing.

PER CURIAM. We are of opinion that the cost of the appeal should be taxed against the appellee, and it is ordered accordingly.