(81 South. 358)

COAL CITY MINING CORPORATION v. DAVIS. (7 Div. 567.)

(Court of Appeals of Alabama. March 18, 1919.)

1. APPEAL AND ERROR ⬤➡123—MATTERS APPEALABLE—SUFFICIENCY OF JUDGMENT.

A purported copy of the judge's bench notes is not a judgment of the court sufficient to support an appeal from rulings on demurrer to complaint.

2. MASTER AND SERVANT ⬤➡284(2)—PERSONAL INJURIES—MINING OPERATIONS—INDEPENDENT CONTRACTORS—QUESTIONS OF FACT.

Where the mine and equipment is owned by a corporation and leased by it to other parties, without apparent change of possession, the mine owner continuing to pay the employés, it becomes a question for the jury, in action for injury to employé, whether the contract of lease is a subterfuge.

3. TRIAL ⬤➡252(11) — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

In a mine employé's action for injuries, against several defendants, if the evidence be considered sufficient to show liability of all defendants, it was error to instruct that no recovery could be had against the mine owner and also against the other defendants.

4. TRIAL ⬤➡252(11) — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

In a mine employé's action for injuries against the mine owner and other defendants, if the evidence be considered sufficient to show a liability on the part of all, it was error to charge that if the other defendants were independent contractors they were liable and the owner would not be, but if they were not independent contractors the owner would be liable but not the other defendants.

5. TRIAL ⬤➡252(11) — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

In a mine employé's action for injuries brought against a mine owner and other defendants, if the evidence be considered sufficient to show a liability on the part of all, it was er-

ror to charge that the burden was on the owner to show that it was not operating the mine.

6. JUDGMENT ⬤➡239 — JUDGMENT AGAINST ONE OF SEVERAL DEFENDANTS.

In a mine employé's action for personal injuries brought against a mine owner and other defendants jointly, it was error to refuse the affirmative charge on the mine owner's behalf if there was not sufficient evidence to justify a verdict in favor of plaintiff as against all the defendants.

7. MASTER AND SERVANT ⬤➡264(1)—INJURIES TO SERVANT—PLEADING AND PROOF—RELATION OF EMPLOYMENT.

In a mine employé's action for personal injuries brought against the mine owner and also other defendants, alleging that he was employed by "the defendants," the burden was upon plaintiff to prove such fact.

8. NEGLIGENCE ⬤➡119(7) — PLEADING AND PROOF—VARIANCE.

In tort actions where two or more are jointly sued, a recovery may be had as to all or any number less than all, unless the action is in case for negligence arising out of contract, in which case the averment of the contract is material and must be proven as charged.

9. MASTER AND SERVANT ⬤➡315—INJURIES TO SERVANT—INDEPENDENT CONTRACTORS.

A master is not liable for injury to an employé of an independent contractor unless the principal was under some duty to such employé.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by L. H. Davis against the Coal City Mining Corporation and others. From judgment for plaintiff, the named defendant appeals. Reversed and remanded.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.
S. W. Tate, of Anniston, for appellee.

SAMFORD, J. [1] The first and second assignments of error are based upon the rulings of the trial court on demurrer to the complaint. These assignments are not considered for the reason that there is no judgment on demurrer shown in the record that will support an appeal. What purports to be a copy of the judge's bench notes appears, but this is not sufficient and is not a judgment of the court.

[2] The facts in this case are very similar to the statement of facts as set out in the opinion of Mr. Justice Thomas in the case of Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601, in which the Supreme Court held that the question as to whether the contract of lease was a subterfuge was properly submitted to the jury. Upon similar statements of fact, the decision in the Amerson Case has been followed in Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 South. 571; Corona Coal & Iron Co. v.

Amerson (Sup.) 75 South. 289; [1] Oden-Elliott Lumber Co. et al. v. Rowe (Sup.) 77 South. 552; [2] and Connors-Weyman Steel Co. v. Kilgore (Sup.) 80 South. 454.[3] These cases seem to lay down the rule that where the mine and all the equipment is owned by the corporation and leased by it to other parties as it stands, without apparent change of possession, the mine owner continuing to pay the employés, without notice of any change in the possession, it becomes a question for the jury to say whether the contract of lease is a subterfuge as it affects the workers in the mine and other parties contracting with the lessees. However much the writer might be inclined to a different view, this court is bound by the latest utterances of the Supreme Court, and therefore, under the facts of the instant case, it was a question for the jury to determine who was the employer of the plaintiff at the time of the injury.

[3-6] Upon the trial, after the court had given its oral charge to the jury, the defendant the Coal City Mining Corporation excepted to that part of the court's oral charge as follows:

"If you believe under the evidence in the case that plaintiff is entitled to recover, then you must determine from this evidence whether he is entitled to recover; he cannot recover under the evidence in the case against the mining corporation and also against these other four defendants."

The same defendant excepted to the following portion of the court's oral charge:

"If the four defendants were independent contractors and injured this plaintiff, they are liable, and the mining company would not be; if they were not independent contractors and the mining company was operating the mine, then the mining company would be liable, and these other defendants would not be."

The same defendant also excepted to the following excerpt from the court's oral charge:

"Under the evidence in this case, the burden of proof is on the defendant corporation to show that it was not operating that mine."

The same defendant also requested the court, in writing, to give the general affirmative charge in its behalf, which the court refused to do.

[7] The plaintiff sued as an employé, and as a basis of his right of recovery alleged in both counts of his complaint that he was employed by the "defendants." That includes all of the defendants. If the complaint had alleged that the plaintiff was employed by the Coal City Mining Corporation "or" Crump et als., the complaint would have been demurrable on account of a misjoinder of parties defendant. The plaintiff would not be allowed to sue two separate and distinct employers in the same action, and, having alleged that he was the employé of all the defendants, it became his duty to so prove; the burden resting upon him. Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 South. 721; Dean v. E. T., Va. & Ga. R. R. Co., 98 Ala. 586, 13 South. 489.

[8] It is a principle, well established and recognized, that in actions in tort, where two or more are jointly sued as defendants, according to the proof, a recovery may be had as to all or to any number less than all; but this rule is not without its exception, as, for instance, where the action is in case for a negligent performance, or for a negligent failure to perform, a duty arising out of a contract, whereby injury and damage results. In such a case, the averment of the contract from which the alleged duty to plaintiff arose is made a material allegation of the complaint which must be proven as charged, or else there is a fatal variance between the allegation and the proof. Hackney et al. v. Perry, 152 Ala. 626, 44 South. 1029; Northern Alabama R. R. Co. v. Mansell, 138 Ala. 548, 36 South. 459; McGhee v. Drisdale, 111 Ala. 597, 20 South. 391; Dean v. E. T., Va. & Ga. R. R. Co. and L. & N. R. R. Co., 98 Ala. 586, 13 South. 489.

If, then, as was charged by the court in its oral charge, there was not sufficient evidence to justify the jury in returning a verdict in favor of the plaintiff as against all of the defendants, the appellant here was entitled to the affirmative charge; but, if there was sufficient evidence from which the jury might have arrived at the conclusion that all of the defendants were liable to the plaintiff, then the court was in error in the several particulars as pointed out by the appellant in exceptions to the oral charge as herein above set out.

The trial court was doubtless led into error on account of the opinion in the case of Oden-Elliott Lumber Co. v. Rowe, 77 South. 552; [2] but in that case, while presented, the question of a variance does not seem to have been argued and certainly was not decided.

[9] It is undoubtedly the rule in this state that a master employing an independent contractor is not liable for an injury to an employé of the independent contractor who was under the direction and control of the independent contractor at the time of the injury (Porter v. T. C. & I. R. R. Co., 177 Ala. 406, 59 South. 255), unless the lessor was under some duty to the employé of the independent contractor (Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 South. 571). But in line with the authorities herein above cited, it seems to be the rule that, as between third persons in interest and the owner and lessee, it is always a question as to the bona fides of the lease contract; and, where there is any evidence tending to show that the owner is using the lessee as a subterfuge to cover its own operation, it becomes a question for the jury to say whether the owner is the party in contractual relation with the party in interest.

[1] 201 Ala. 3.    [2] 201 Ala. 128.    [3] 202 Ala. 372.

The rulings of the court as above indicated were in conflict with the law as hereinabove stated, and for the reasons given the judgment is reversed, and the cause is remanded.

The other questions presented by the record will probably not arise on another trial, and therefore are not considered.

Reversed and remanded.