# McGhee v. Drisdale.

*Action against Railroad Company by Passenger for Eject-*
*ment from Car.*

1. *Action against a railroad company by passenger for ejectment from car; when not maintained.* — Where a person purchases a railroad ticket limited to the date indorsed thereon, and though he did not read such indorsement, knew that the company was selling such tickets, having had his attention called to similar indorsements, if, while a passenger on one of the railroad company's trains, upon the conductor's refusal to accept said ticket because it was out of date, such person declines to pay his fare, and permits himself to be gently ejected from the train, after which he re-enters the car and pays his fare to his destination, he has no cause of action against the company, and can not recover for such ejectment.

2. *Action against railroad company and its receivers; evidence must show cause of action against all the defendants.*—Where an action is brought against a railroad company and the receivers of such company, to entitle the plaintiff to recover, the evidence must show a cause of action against all the defendants; and when there is no evidence that the railroad company had any connection with the alleged wrong complained of, but it is shown that such company was at the time being operated by the other defendants as receivers, whose employés committed the alleged wrong, the plaintiff can not recover.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

This action was brought by the appellee, William E. Drisdale, against the Memphis & Charleston Railroad Company, and Charles McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company, to recover damages alleged to have been sustained by the plaintiff, by reason of being put off of one of the

[McGhee v. Drisdale.]

trains operated on the Memphis & Charleston railroad. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the plaintiff. The defendants appeal, and assign the rendition of this judgment as error.

HUMES, SHEFFEY & SPEAKE, for appellants.—Under the allegations of the complaint, the plaintiff could not have recovered unless he showed that the conductor and the employés were the employés both of the company and the receivers, and a failure to make this proof would have authorized the general charge for defendants.— *Dean v. E. T. V. & G. R. R. Co.*, 98 Ala. 589.

2. No judgment should have been rendered against defendants. Plaintiff's contract with the defendants bound him to use said ticket before midnight of the day after the date stamped thereon. He purchased said ticket with full knowledge of the limitation or condition, and did not attempt to use it until a week afterwards. Tickets frequently provide that they shall be good for a certain number of days, and it has been often held in such cases that such words amount to a condition or stipulation between carrier and holder, that if they are not used within a specified time the right to be carried under the contract is lost, and all obligation under it on the part of the carrier is at an end. So where their ticket is in terms "good for this date only," it is not good for any subsequent date.—Hutchinson on Carriers, §§ 575-581.

JAMES JACKSON, *contra.*—The mere delivery of a ticket which has a notice printed on the back of it does not raise a presumpsion of law that the passenger has actual notice of it, but it may be a question for the jury under the circumstances.—*Wilson v. C. & O. R. R. Co.*, 21 Gratt. 654.

Thus a condition on the back of a railroad ticket limiting liability for baggage is not notice to a passenger as a matter of law, but the question of notice may be left to the jury.—*Brown v. Eastern R. R. Co.*, 11 Cush. 97; *Verner v. Sweitzer*, 32 Pa. St. 208. Unless the passenger had good reason to believe that there were conditions on

the ticket, he is not bound to read the ticket to ascertain that fact.—*Penn. Co. v. Bray*, 125 Ind. 295; 23 L. R. Ann. 747, note; 3 Amer. Rep. 701.

HEAD J.—Without deciding whether a railway passenger is conclusively presumed to know of limitations printed or stamped on the back of his ticket, we have no doubt, under the evidence, that the appellee in this case knew or ought to have known his ticket was stamped on the back as follows:

"M. & C. R. R.      This ticket will be void unless used
Feb. 24, 1894.    before midnight of the day after the
   Courtland.         the date stamped hereon."

The plaintiff purchased the ticket at Courtland on February 24th, to ride to Cherokee in an adjoining county; kept it in his possession several days and then undertook to use it. He testified that the agent from whom he purchased it, did not inform him that it was a limited ticket; but he further testified as follows:. That he would not be positive as to whether he read the indorsement on the back of the ticket, but it was the best of his recollection that he had not, but he knew the road, previous to that time, was selling such tickets, and his attention had been called to the indorsement on similar tickets sold by defendants; that Mr. Craig, defendant's agent at Cherokee, when he had sold him similar tickets, had called his attention to the indorsement on back of ticket, and previous to the time of said purchase, he knew of the existence and sale of such tickets by defendants. When the conductor explained to him that the ticket was out of date, and would not be received, he made no claim that he did not know of the limit, as was most natural for him to do, if such had been the fact, but very promptly informed the conductor that he would have to put him off. Mr. Kirk, who was a passenger, sitting in the same seat with plaintiff, testified, that, "plaintiff tendered said ticket to the conductor who refused it because it was out of date, and demanded the plaintiff's fare. Plaintiff declined to pay his fare and required the conductor to put him off. That when the conductor told him that he would have to pay his fare or get off, plaintiff stood up in his seat and folded his arms and declined to go. The conductor then took him by the elbow and led him down the car; when he got to the

[McGhee v. Drisdale.]

platform he (witness) heard Drisdale say 'treat me kindly.' " The evidence shows that no physical force, beyond that described by Kirk, was used. As soon as the plaintiff was put off, he returned to the train, paid his fare and was carried to Cherokee without molestation. It is obvious, at a glance of this evidence, that plaintiff had no intention whatever of permanently leaving the train. He was provided with the means to pay his fare, and intended to pay it, and the process of having himself put off was a mere form to aggravate his supposed damage. It was, therefore, in legal effect, according to his own consent. Railroad companies are under a high duty to their passengers and should be held to a strict observance of them, but contrivances of this kind should find no favor in the administration of justice. When the plaintiff paid his fare he remarked to the conductor that he "intended to make the railroad company smoke for this." The conductor had nothing to do with suits against the company, and the remark could have had no influence upon his demeanor in his official capacity. It was necessarily addressed to him as an individual, and his reply was in the same capacity. His reply was, "I suppose you have just done this to have a law suit, but it is a matter between you and the company, and not between me and you. I am obeying orders." If it was not excused by the remark to which it responded, there could be no recovery for it, at least, for the reason, that it is not counted on in the complaint.

Again, there was no evidence to sustain the cause of action laid in the complaint, in other respects. The charge is that the defendants and the Memphis & Charleston Railroad Company were operating the road and sold the plaintiff his ticket. There is no evidence that the railroad had any connection with it. It was being operated by the defendants as receivers.

Reversed, judgment here rendered in favor of defendants.

Reversed and rendered.