# Shannon, Admr. *v.* Jefferson County and Jefferson County *v.* Shannon, Admr.

*Action against County to recover Damages for Personal Injuries caused by Falling in of County Bridge.*

1. *Action against county to recover damages for death resulting from defective condition of public bridge; measure of damages; admissibility of evidence.*—In an action against a county to recover damages for the death of plaintiff's intestate, which was caused by the falling of a public bridge, the damages recoverable are punitive and not compensatory; and, therefore, evidence as to the age, health, earning capacity and family connections of the decedent are irrelevant and immaterial.

2. *Trial and its incidents; giving of abstract charge does not work reversal.*—The giving of charges which are abstract is not such an error as will operate a reversal of the judgment, unless

[Shannon, Admr. v. Jefferson County and Jefferson County v. Shannon, Admr.]

it is apparent that the jury were thereby misled to the prejudice of the party excepting.

3. *Action against county to recover damages for death resulting from defective bridge; right to maintain action.*—Under the provisions of the statute authorizing an action for a wrongful act, omission or negligence causing death, (Code, § 27), the administrator of a person who was killed by the falling in of a defective bridge along a public highway, can maintain an action against the county, under section 2512 of the Code, which authorizes the recovery of damages from a county for injuries resulting from defects in a bridge when the county commissioners fail to take a guarantee by bond or otherwise from the contractors who built the bridge.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

These two appeals were taken from the same judgment in one case. The suit was brought by James Shannon, as administrator of W. H. Shannon, deceased, against Jefferson County to recover damages for personal injuries received by the intestate in the falling of a public bridge along a public highway in the county, which injuries resulted in the death of plaintiff's intestate.

The complaint as originally filed contained but one count, which was as follows: "The plaintiff, as administrator as aforesaid, claims of defendant the sum of twenty-five thousand dollars, and for cause of action says that on, to-wit, the 21st day of November, 1896, said W. H. Shannon, deceased, with divers other persons, was passing on and over a public free bridge at night, over Village Creek, near Ensley, in said county, in a wagon drawn by two mules, and that while on and passing over said bridge, said bridge gave way and fell down and precipitated said decedent a great distance to the earth and water beneath and hurt and bruised him by said fall and that the timbers of said bridge struck and fell on him and that he thereby received such injuries that he shortly thereafter died from the effects thereof. And plaintiff alleges that said bridge was a public free bridge and was erected by contract with the county commissioners of said county, and that no guar-

antee was taken by them, by bond or otherwise, that said bridge should continue safe for the passage of travelers and other persons; and plaintiff alleges further that said bridge was unsafe and defective and defectively constructed, and that the fall of said bridge and the death of said decedent was caused by the unsafe condition of said bridge and defects therein and the defective construction thereof, and by the wrongful act, omission and negligence of the commissioners of the county court of said county, in not having said bridge safely and properly constructed. And plaintiff says further, that prior to the bringing of this suit, the claim herein sued on, was presented to the court of county commissioners of said county, properly itemized and verified by oath, for allowance, and that said claim was disallowed by said court of county commissioners, wherefore plaintiff sues and claims damages as aforesaid."

The complaint was subsequently amended by adding thereto other counts in which the defects in the construction which rendered said bridge unsafe and insecure were specifically alleged. To both the original and the amended complaint the defendant demurred, among others, upon the following grounds: 1. The right of action set out in the complaint is not such a right of action as survives as to the personal representatives of the deceased under the statutes, as the wrongful act, omission or negligence is not of the county, its servants or agents, but is the wrongful act, omission or negligence of the contractor who constructed said bridge. 2. The county is not such a corporation as contemplated in § 2589 of the Code of 1886, and the right of action set out in the complaint does not survive to plaintiff as administrator of the deceased. 3. For that the wrongful act, omission or negligence complained of as causing the death of W. H. Shannon is, as appears from all the allegations of the complaint, the wrongful act, omission or negligence of the contractor or contractors who built the bridge. 4. For that there is no statute that makes the defendant liable in damages for and on account of the facts averred. 5. For that no right of action is given

against a county in and by § 2589 of the Code of Alabama of 1886, the same being § 27 of the Code of 1896. These demurrers were overruled and the defendant duly excepted.

Issue was joined upon the plea of the general issue. On the trial of the cause the evidence was undisputed and showed the following facts: W. H. Shannon, the plaintiff's intestate, was injured by the falling in of a free, public bridge, and died the next day from the effects of his injuries. Said bridge had just been erected by contractors under a contract with the court of county commissioners; no guarantee, by bond or otherwise, was taken, as provided by statute, and the bridge had only been thrown open to the public about three weeks. The bridge was defectively constructed; was unsafe and insecure, by reason of its defective construction; and it was shown to be defective in the manner and for the reasons set forth in the complaint. It was by reason of such defective construction and condition of the bridge that the accident happened which resulted in the death of plaintiff's intestate. The presentation of the claim to the commissioners court, duly itemized and verified, and its disallowance by said court before the institution of the present suit was duly proved.

On the trial of the cause, the plaintiff offered to prove the age of his intestate, his health, earning capacity, savings and family connection. To the introduction of such evidence the defendant duly and separately excepted upon the ground that the damages recoverable were punitive and not compensatory, and that such evidence was immaterial and irrelevant and incompetent. The court sustained each of these objections and the plaintiff separately excepted thereto. The court, at the request of the defendant, instructed the jury as follows: "The court charges the jury that under the evidence in this case no compensatory damages can be given." The plaintiff duly excepted to the giving of this charge and also excepted to the giving, at the request of the defendant, the two other charges which are copied in the opinion.

[Shannon, Admr. v. Jefferson County and Jefferson County v. Shannon, Admr.]

There were verdict and judgment assessing plaintiff's damages at $1,000. From this judgment the plaintiff appealed and assigned as error the rulings of the court upon the evidence and the giving of the charges requested by the defendant. The defendant also appealed from this judgment and assigned as error the overruling of the demurrers filed to the plaintiff's original and amended complaint.

GEORGE A. EVANS and LANE & WHITE, for appellant Shannon.—A charge authorizes a jury to consider matter as to which there is no evidence is erroneous.—*Robinson v. Spear*, 21 So. Rep. 554; 11 Am. & Eng. Encyc. Law, "Instructions," 248 and note; Thompson's Charging the Jury, 92. In a suit against a county for damages for the death of a person caused by the falling in of a public bridge built by the county commissioners by contract, and without taking a guaranty, as provided by statute, the damages recoverable are not wholly punitive. Where an instruction is so worded as to lead the jury to infer the existence of a state of facts not warranted by the evidence, it will afford ground for reversing the judgment.—11 Am. & Eng. Encyc. Law, 248 and notes.

The liability to pay damages imposed on a county for injuries sustained by the falling of a bridge by § 1203, Code of 1886, is statutory and does not depend on negligence in the building of the bridge—Code of 1886, § 1456; Code, 1896, § 2512.

WALKER, PORTER & WALKER, *contra*.

McCLELLAN, C. J.—The court below committed no error in its rulings against the admissibility of testimony as to the age, health, earning capacity, savings and domestic connections and relations of plaintiff's intestate, nor in charging the jury that compensatory damages are not recoverable in this action.—*Richmond & Danville Railroad Co. v. Freeman*, 97 Ala. 289.

The following charges were also given for the defendant: (1.) "If you believe from the evidence that

the negligence complained of is so slight or so characterized by mitigating circumstances as that the jury would be justified in the imposition of such punishment only as is involved in the assessment of merely nominal damages, you may impose such damages, if you believe from the evidence the plaintiff is entitled to a verdict." (2.) "In your sound discretion you may impose merely nominal damages if you believe that the death of W. H. Shannon was caused by negligence so slight or so characterized by mitigating circumstances as that the jury would be justified in the imposition of such punishment only as is involved in the assessment of merely nominal damages." These charges are in substance excerpts from the opinion in the case of *R. & D. R. R. Co. v. Freeman, supra.* They correctly state the law. It is clear, however, from an examination of the bill of exceptions, that they are abstract. No evidence was offered tending to show that the negligence imputed to the defendant was slight in degree, or that it was "characterized by mitigating circumstances." The charges should not have been given. But it does not follow that the judgment should be reversed because they were given. To the contrary, it has been the settled rule in this State for many years, repeatedly reaffirmed by this court, that the giving of an abstract instruction is not an error which will operate a reversal unless it is apparent that the jury were thereby misled to the prejudice of the party excepting. We are far from being able to affirm that it is apparent on the record before us that the jury were misled to the prejudice of the plaintiff by these instructions. The record goes rather in affirmative support of the contrary view, that they were not misled by these charges. They did not return a verdict for nominal damages as they were told they might do upon the hypothesis stated, but in fact did return a verdict for one thousand dollars, evincing that they had not been misled by the instructions to the conclusion that the negligence shown was so slight or so characterized by mitigating circustances that nominal damages would be commensurate punishment.

[Shannon, Admr. v. Jefferson County and Jefferson County v. Shannon, Admr.]

On the appeal of Jefferson county but one question is presented, viz.: Whether a county can be held liable under section 27 of the Code in connection with section 2512, in damages for death caused by a defective bridge.    Under the latter section the rule of county liability is the general rule, and its exemption from such liability when guaranty of safety has been taken from the contractor and is of force is the exception to that rule.   The liability is put by this statute on the county, not because it has not taken such guaranty, but because of the defective condition of the bridge.   This condition in the exceptional case where a guaranty has been taken is the fault of the contractor giving the guaranty, upon whom, as guarantor, the law imposes the duty of keeping the structure in repair.    But when no guaranty has been taken, or the time of guaranty has expired, the defects of the bridge are chargeable to the wrongful act, omission or negligence of the servants or agents of the county upon whom the duty to keep it in safe condition for travelers is imposed, and hence upon the county. A county is a corporation and so fills that term of section 27 of the Code.   The intestate of the present plaintiff could have maintained an action against the county for the wrongful act, omission or negligence resulting in the defective condition of the bridge which caused his death, had the injuries failed to produce death; and such was the law before the enactment of section 27. So that it is plain that the death of this intestate and the right of his personal representative to sue therefor are within the letter of that section.   No reason occurs to us for holding that the case here presented is not also within the spirit and purposes of this statute.   And we feel that we are adhering to a general rule of decision as exemplified in respect of other statutes applying to counties, statutes of limitation, and statutes as to costs, for instances, in holding as we do that when on the facts a cause of action would have arisen in favor of an injured person under section 2512 against the county, it survives to his personal representative under section 27 when the injuries are mortal.

[Croft v. *Doe ex dem.* Thornton.]

It follows that the judgment of the city court must be affirmed on each of the appeals.