# Hackney, *et al. v.* Perry.

*Trespass and Trover.*

(Decided Nov. 28, 1907. 44 So. Rep. 1029.)

1. *Action; Complaint; Nature Of; Bailment.*—Counts which allege than plaintiff delivered to defendant certain cotton to be kept for hire, and that defendants received the cotton and agreed to redeliver it to plaintiff on demand; that plaintiff demanded the return of same before bringing suit, but that the cotton, though received by defendant, had never been returned to plaintiff, and that defendant negligently lost, misplaced or delivered the cotton to some other person, and so failed on account of such negligence to deliver the cotton or the proceeds thereof, which was thereupon lost to plaintiff to her damage, etc., are counts in case and contain sufficient averments of negligence.

2. *Bailment; Cotton Ginners; Care Required.*—Where cotton is delivered to ginners to be ginned and stored for hire, the ginners become bailees for hire and are chargeable with the exercise of ordinary care.

3. *Same; Negligence; Evidence.*—Where a bailee for hire of goods fails on demand to re-deliver the goods or account for such failure, negligence will be prima facie imputed to him and casts on him the burden of showing that the loss was not caused by want of ordinary care on his part.

4. *Same; Remedy.*—Where a bailee for hire fails to return goods on demand, the bailor may sue in assumpsit for breach of contract, or, in case of negligence, in an action on the case, or if a conversion has occurred, in trover.

5. *Same; Complaint: Variance.*—Certain counts in the complaint charged a contract relation from which the duty to re-deliver the cotton to plaintiff arose as to both the ginners and one B., to whom it was alleged ginners wrongfully delivered the cotton, but there was a failure of proof as to any contractual relations between plaintiff and defendant B. Held, a fatal variance as to those counts notwithstanding the rules that in action for tort, where two or more are

jointly sued a recovery may generally be had under the proof as to all or to any number less than all.

6. *Action; Causes of Action; Distinct Torts.*—The complaint alleged that plaintiff delivered cotton to the ginners and that they wrongfully delivered it to B. and that B. with knowledge of such wrongful act and of plaintiff's ownership received the cotton and failed to re-deliver it to plaintiff, though plaintiff had demanded the same before suit, and that on account of the negligence of defendants plaintiff had lost the cotton so delivered, etc. Held, that the count discloses a contractual relation existing between plaintiff and the other defendants except B. and none with him, and that his tort, if any was of a different character from that of the ginners and that the count was fatally defective for joining two distinct torts against different defendants.

7. *Trial; Instructions; Degree of Proofs.*—An instruction that before the jury could find in defendants favor on plaintiff's charge against them for converting the cotton, the jury must be satisfied from the evidence that defendants exercised a lawful control over the cotton, etc., is erroneous as the defendant has only to reasonably satisfy the jury on such an issue.

8. *Principal and Agents; Acts of Agent; Want of Authority; Evidence.*—The defendant having undertaken to show that the delivery was made to B., on instructions from the son of the plaintiff, and the evidence not showing a general agency of the son to authorize this delivery, it was competent for plaintiff to show that the son had no authority to give such instructions.

APPEL from Talladega City Court.

Heard before Hon. G. K. Miller.

Action by M. M. Perry against A. H. Hackney and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The defendants named in the summons and complaint are A. H. Hackney, Mary Hackney, and John L. Law, individually and as partners doing business under the firm name of Hackney Bros., and R. B. Burns. The first and second counts are in trespass for the wrongful taking of one bale of cotton, weighing 5C0 pounds. The third and fourth counts are for the conversion of the cotton. The fifth count, as last amended, is as follows: "Plaintiff claims of the defendant the sum of $65 damages, for that on, to wit, the 1st day of October, 1905, the plaintiff delivered to the defendant at Lincoln, Ala., 1,560 pounds of seed cotton to be kept for hire, and de-

[Hackney, et al. v. Perry.]

fendants received said cotton and agreed to redeliver to plaintiff on demand. Plaintiff says that this cotton, although received by the defendants, has never been returned to her, although she has demanded the same before the bringing of this suit; and plaintiff avers the defendants negligently lost or misplaced or delivered the same to some unknown person, and thus failed and still fails on account of such negligence to deliver such cotton or the proceeds thereof, and on account of such negligent failure plaintiff was unable to obtain said cotton so delivered, and has lost the same, to her damage as set forth." Count 6: "Plaintiff claims of the defendants the sum of $65, in this: That heretofore, to wit, on the 1st day of October, 1905, plaintiff delivered to Hackney Bros., being all of the defendants except R. B. Burns, 1,560 pounds of seed cotton, of the value of $65, to be ginned for hire and redelivered, which the said defendants Hackney Bros. received as public ginners, and ginned the same, or claimed to have ginned the same, but wrongfully and negligently delivered the same to R. B. Burns, the other defendant here, who, with knowledge of such wrongful act and of plaintiff's ownership of said cotton, received the same, and has failed to redeliver the same to plaintiff, although demanded by plaintiff before the bringing of this suit, and on account of the negligence of said defendant the plaintiff has lost the said cotton so delivered, and has been damaged as aforesaid." Count 7: "Plaintiff claims of the defendant the sum of $65 as damages, in this: That on, to wit, the 1st day of October, 1905, she was the owner of 1,560 pounds of seed cotton, which she delivered to the defendants to be ginned and returned to her; that the said defendants received the cotton as public ginners, and agreed to gin the same and redeliver it to plaintiff; that said cotton was never redelivered to plaintiff, although demand has

been made for the same before the bringing of this suit. But plaintiff avers that the said cotton was lost or destroyed, so that the same could not be redelivered to the plaintiff, through the negligence of the defendant; and on account of the defendant's negligence and failure to redeliver said cotton the plaintiff has lost said cotton and the proceeds thereof." Count 8: "Plaintiff claims of the defendant the sum of $65 damages, in this: That on, towit, the 1st day of October, 1905, she was the owner of 1,560 pounds of seed cotton, which she delivered to the defendants to be ginned and returned to her for hire; that the said defendants received the same as public ginners, and agreed to gin the same and redeliver the same as public ginners to the plaintiff; that the said cotton was never redelivered, nor the lint cotton after it was ginned was never redelivered to the plaintiff, although demand has been made for the same before the bringing of this suit. And plaintiff avers that said cotton was lost or destroyed, or delivered to some person unknown to plaintiff, so that the same could not be redelivered to the plaintiff, through the negligence of the defendant." Count 9 is pratically the same as count 8: Count 10: "Plaintiff claims of the defendant the sum of $65, in this: That the plaintiff delivered to the defendants composing the firm of Hackney Bros., being all of the defendants except R. B. Burns, at their gin at Lincoln, Ala., on, to wit, October 1, 1905 1560 pounds of seed cotton. Said defendants received the same to be ginned and redelivered to plaintiff; and plaintiff avers that they ginned the same and wrongfully delivered the cotton to R. B. Burns, the other defendant, who knew at the time of said delivery, that the same belonged to the plaintiff and that the same was delivered without authority. Plaintiff avers that the same was negligently delivered and without authority of the plaintiff, and

that the same was lost or destroyed by the negligence of the said Burns and by the delivery of the same, and by the negligence of the said Hackney Bros., and said R. B. Burns said cotton and the proceeds thereof was lost to the plaintiff." The eleventh count is practically the same as the fifth and seventh, except that it charges gross negligence.

Demurrers were assigned as follows: To the whole complaint, because there is an improper joinder of counts, in that the defendants are in one and the same suit sued on a cause of action ex contractu and a cause of action ex delicto; to the sixth count, because it sets up two separate and distinct causes of action in one count, based upon two separate and distinct wrongs; to the tenth count, for the same reason; to the eleventh count, because the allegations contained therein show only simple negligence, and do not show such gross negligence as would render the defendants liable as depositaries or gratuitous bailees. Defendant Burns filed a number of demurrers, which are not necessary to be set out.

The evidence tended to show that Hackney Bros. were public ginners, and that the plaintiff sent her 15 year old son, with a load of seed cotton weighing 1,560 pounds, to their gin for the purpose of having the same ginned and baled, and that it was ginned and baled and delivered to the warehouse of R. B. Burns under instruction from Eulas Perry, a son of the plaintiff. There was some dispute as to the authority of the son in this respect, and as to the instructions given him by his mother. The affirmative charges requested as to R. B. Burns were given, and there was verdict as to him. The affirmative charge was also requested on each count as to the other defendants, but was refused. Charge 15, refused at the request of the defendants: "Before the jury can

find for the plaintiff in this case as against Hackney Bros. and the members of that firm upon her charge against them of converting the cotton in controversy, they must be satisfied from the evidence that said defendants exercised upon the occasion an unlawful assumption or dominion over the cotton in controversy, in defiance or exclusion of plaintiff's right, or else that said defendants withheld the possession of said cotton from the plaintiff, claiming title in said cotton in themselves, or inconsistent with the rights of the plaintiff." There was judgment for plaintiff in the sum of $65, and defendants Hackney Bros. appeal.

WHITSON & HARRISON, and E. H. DRYER, for appellant. The 7th count of the complaint, after being amended is clearly for a breach of a contract.—*N. C. & St. L. Ry. v. Parker,* 123 Ala. 684. Counts 3 and 4 are in trover which brings about a misjoinder of causes of action.—*R. & D. R. R. Co. v. Weems,* 97 Ala. 270; *Iron City Mining Co. v. Hughes,* 144 Ala. 608; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413; *Clements v A. G. S. Ry. Co.,* 127 Ala. 172 The 8th count and the 11th additional count shifts the right of action from one ground to another and is in the alternative.—*L. & N. R. R. Co. v. Duncan,* 137 Ala. 454; *Southern Ry. Co. v. Bunt,* 131 Ala. 594. Eulas Perry was the agent of his mother with respect to the moving, ginning and delivery of her cotton.—*Syndicate Ins. Co. v. Catchings,* 104 Ala. 176. And under this authority question asked plaintiff by her counsel was improper. Charges 2 and 3 should have been given.—87 Ala. 26. The affirmative charge should have been given as there was a variance between the material allegations and the proof.—*McGhee v. Drisdale,* 111 Ala. 596; *N. A. R. R. Co. v. Mansell,* 138 Ala. 548; *Dean v. Railroad,* 98 Ala. 586 Action for independent

torts may be joined in the same complaints but cannot be joined in the same count.—*L. & N. R. R. Co. v. Cofer,* 110 Ala. 491. But for separate and distinct wrongs the wrong doers are only liable in separate counts.—*Powell v. Thompson,* 80 Ala. 51; 42 Ala. 322. Under these authorities appellant's demurrers should have been sustained.

KNOX, DIXON & BURR, for appellee. Where a bailee of goods, upon demand made, fails to deliver them, or does not account for a failure to make delivery, prima facie, negligence will be imputed to him; and the burden of proving a loss without the want of ordinary care is devolved upon him.—*Seals v. Edmondson,* 71 Ala., page 509; *Davis & Son v. Hurt,* 114 Ala., page 149. "In a suit founded upon tort against several defendants, the plaintiff may recover against as many and only such defendants as he proves to be guilty, and any defendant as against whom the proof fails is entitled to a verdict." Where defendants are sued jointly in tort recovery may, in accordance with the proof, be had against all of the defendants, or in favor of all of the defendants, or against some of the defendants and in favor of other of the defendants.—Black on Judgments, Vol 1, p. 207; 11 E. P. & P., 852; 21 Enc. P. & P., 1124; *Montgomery Gas Co. v. Ry. Co.,* 86 Ala. 372; *Slade v. Street,* 77 Ala. 576. Where one commits a wrongful act, co-operating with other defendants who had notice of plaintiff's rights, a joint action for a wrongful act may be maintained against all of them.—*Ensley Lumber Co. v. Lewis,* 121 Ala. 94; *Colgrove v. N. Y. & New Haven R. R. Co.,* 75 Am. Dec. 418.

DOWDELL, J.—The fifth, sixth, seventh, eighth, ninth, and eleventh counts of the complaint are each in

[Hackney, et al. v. Perry.]

case, and consequently actions ex delicto. The grava-
men of each, except the sixth, is the alleged negligence
of the defendants in the nonperformance of a duty owing
to the plaintiff arising out of a contract, whereby the
cotton in question was lost to the plaintiff. In these
counts as last amended the averments as to negligence
were sufficient, and the counts were not in this respect
subject to demurrer.—R. R. Co. v. Flippo, 138 Ala| 487,
35 South. 457; A. G. S. R. v Johnston, 128 Ala. 283, 29
South. 771; Ga. Pac. R. R. Co. v. Davis, 92 Ala. 307, 9
South. 252, 25 Am. St. Rep. 47.

The defendants, under the allegations of the com-
plaint, were such agents as may properly be termed
"bailees for hire," and as such were bound to ordinary
diligence. As to the measure of care and diligence there
can be no distinction in principle between a ginner of
cotton for hire and a warehouseman for deposit and
storage for hire. Where a bailee of goods, upon demand
made, fails to redeliver them, or does not account for a
failure to make delivery, prima facie, negligence will be
imputed to him; and, the burden of proving a loss with-
out the want of ordinary care is devolved upon him. As
was said in Davis & Son v. Hurt, 114 Ala. 150, 21 South.
468: "The rule is founded in necessity, and upon the
presumption that a party who, from his situation, has
peculiar, if not exclusive, knowledge of facts, if they ex-
ist, is best able to prove them. If the bailee, to whose
possession, control, and care the goods are intrusted,
will not account for the failure or refusal to deliver
them on demand of the bailor, the presumption is not
violent that he has been wanting in diligence, or that he
may have wrongfully converted, or may wrongfully de-
tain, them; or, if there be injury to or loss of them dur-
ing the bailment, it is but just that he be required to
show the circumstances, acquitting himself of the want

of diligence it was his duty to bestow. When the bailee fails to return the goods on demand, the principal has an election of remedies. He may sue in assumpsit for a breach of contract, or in case for negligence, or, if there has been a conversion of the goods, in trover for the conversion."—*Davis & Son v. Hurt,* 114 Ala. 149, 21 South. 468; *Seals v. Edmondson,* 71 Ala. 509.

The principle is well established and recognized that in actions for tort, as a general rule, where two or more are jointly sued as defendants, according to the proof, a recovery may be had as to all, or any number less than all. But this rule is not without its exception, as, for instance, where the action is in case for a negligent performance of, or a negligent failure to perform, a duty arising out of a contract, whereby injury and damages result. In such a case the averment of the contract from which the alleged duty springs is made a material allegation of the complaint, which must be proven as charged, or else there is a fatal variance between the allegation and the proof. This doctrine is recognized in the case of *Northern Ala. R. R. v. Mansell,* 138 Ala. 548, 36 South. 459; *McGhee v. Drisdale,* 111 Ala. 597, 20 South. 391; *Dean v. E. T. Va. & Ga. and L. & N. R. R. Co.,* 98 Ala. 596, 13 South. 489. In the counts of the complaint above mentioned, except the sixth count, the contractural relation from which the alleged duty arose is averred as to all of the defandants. There was a total failure of evidence showing any contractural relation between the plaintiff and the defendant Burns. This was a fatal variance as to allegation and proof, which entitled the defendants to the general charge as requested under those counts.

In the sixth count of the complaint the contract out of which the alleged duty arose is averred to have been made by and between the plaintiff and the defendants

Hackney Bros., and the count further avers that these defendants wrongfully and negligently delivered the cotton in question to R. B. Burns, the other defendant, "who, with knowledge of such wrongful act, and of plaintiff's ownership of such cotton, received the same, and has failed to redeliver the same to plaintiff, although demanded by the plaintiff before the bringing of this suit, and on account of the negligence of said defendants the plaintiff has lost the said cotton so delivered, and has been damaged in the sum of $65; hence this suit." It is evident that there are two separate and distinct torts complained of. That of the defendants Hackney Bros., consisted of a negligent performance, or rather a negligent failure to perform, a duty arising out of a contract, in which the element of motive or purpose is wanting. The wrong is not a positive or affirmative act, but, on the contrary, negative. No contractural relation existed between the plaintiff and defendant Burns, and hence there could be no negligent failure on his part to perform a duty arising out of contract. His tort was wholly of a different character from that of the other defendants. There exists no "ligament of a common purpose or motive" between the defendants, as is expressed in *Powell v. Thompson*, 80 Ala. 51. There are, therefore, joined in this count two distinct torts by different defendants. This cannot be done. The count for this reason was open to the demurrer interposed, and the demurrer should have been sustaind.

The complaint contained other counts besides those we have already considered. The first and second are counts in trespass, and in Code form. On these no questions are presented. The third and fourth are counts in trover, and are in Code form. On this phase of the case, charge No. 15, requested by the defendants Hackney Bros., exacted too high a degree of proof. It is not

required to satisfy the jury, but to reasonably satisfy them. The charge, for this reason, if otherwise good, was properly refused.

The evidence failed to show a general agency of the plaintiff's son, a boy of 15 years old; and, the defendants undertaking to show that the cotton was delivered to Burns on instructions by plaintiff's son, it was competent for the plaintiff to show that her son had no authority to give such instructions.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.