# Carter, *et al. v.* Shugarman.

## Automobile Accident.

(Decided November 16, 1916.   73 South. 119.)

1. **Motor Vehicles; Injuries; Complaint.**—A complaint charging that the servants of complainant, while acting within the line and scope of their authority, caused the automobile they were driving to run into plaintiff's buggy, and as a proximate consequence thereof, plaintiff was thrown from the buggy and injured, sufficiently shows the causal connection between the negligent act, and the injuries suffered.

2. **Pleading; Variance; Directing Verdict.**—Where the complaint alleged the negligence to be that of defendant's servant, and the proof showed the negligence to be that of one of defendants, the variance did not entitle defendants to a directed verdict where that objection was not properly brought to the attention of the trial court by an objection to the evidence.

3. **Same.**—Under Circuit Court Rule 34, the trial court will not be put in error for admitting proof at variance with the allegation unless there was a special objection making the point as to the variance; and this is not met by a mere statement to the trial court that the general charge was requested on the ground of variance.

4. **Tort; Plea; Denying Joint Tort.**—A plea that defendants did not commit jointly the acts complained of in the complaint, is insufficient, since, even if it was true, it was not a bar to individual responsibility.

5. **Trial; Directing Verdict; Defective Plea.**—Where plaintiff took issue on a plea not sufficient in itself, and the undisputed evidence supported that plea, defendant was entitled to the affirmative charge.

6. **Pleading; Joint Acts.**—A plea alleging that defendant did not jointly commit the acts complained of, is an allegation of fact, and not a mere conclusion of law.

[Carter, et al. v. Shugarman.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mrs. Sol Shugarman against R. H. Carter and others, for damages for injuries suffered in an automobile accident. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals.

BURGIN, JENKINS & BROWN, for appellant. SAMUEL B. STERN, for appellee.

SOMERVILLE, J.— (1) The complaint charges that defendants' servants in charge of the automobile, acting within the line and scope of their authority, "so carelessly and negligently operated and controlled the said automobile as to cause the same to run violently into, upon, or against the buggy in which plaintiff was riding, and as a proximate consequence thereof the plaintiff was thrown from the said buggy," etc., and injured.

This language sufficiently shows the causal connection between the negligent act of defendants and the injury suffered by plaintiff and the demurrers were properly overruled.

(2) The negligence declared on is the negligence of defendants' agents or servants, while the negligence shown, if any, was the personal act of one of the defendants himself. Conceding, without deciding, that this was a fatal variance between the allegations and the proof, which would have entitled defendants, one or all, to the general affirmative charge if the variance had been properly brought to the attention of the court; yet the defendant-appellant was not so entitled because he failed to do so by a proper objection to the evidence.

(3) The requirement of rule of circuit court practice No. 34 is not met by a mere statement to the trial court that the general charge was requested on the ground of a variance between the allegation and the proof.—*U. S. Health & Acc. Co. v. Goins, infra,* 73 South. 117.

(4-6) Defendants filed a special plea (No. 5) that they "did not jointly commit the acts complained of in the complaint." This is an allegation of fact, and not a mere statement of law. It was a bad plea since, even if true, the fact alleged was no bar to individual liability. Yet plaintiff took issue on the plea, and the evidence showed without dispute that only one of the defendants

[Rice, et al. v. Henderson-Boyd Lumber Co., et al.]

(R. H. Carter) had any connection with the negligent act complained of.

The law in such cases was vigorously stated by STONE, C. J., in *Winter v. Pool,* 100 Ala. 503, 506, 14 South. 411, 412, as follows: "When parties go to trial on an immaterial issue, the verdict and judgment may be decisive of the case; and the rulings must be made to accommodate themselves to the issue as formed. If the truth of the averment in bar or preclusion be made good, this must control the finding and the judgment, irrespective of the inquiry whether it raised the question of merit in the contention. In such conditions parties must be left free to choose their own methods of forensic warfare, and to determine their conflicting claims in the manner of their mutually consenting choice."

Under this rule, which has been declared and enforced many scores of times by this court, early and late, the defendant-appellant was entitled to the general affirmative charge on the evidence, as requested by him in writing, and its refusal must be pronounced error to a reversal of the judgment.—*McGhee v. Reynolds,* 117 Ala. 413, 23 South. 68.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.