22 So.2d 725

**KURN et al. v. COUNTS.**

6 Div. 295.

Supreme Court of Alabama.

June 14, 1945.

Rehearing Denied·July 26, 1945.

130

Cabaniss & Johnston, Jelks H. Cabaniss, and E. T. Brown, Jr., all of Birmingham, for appellants.

Taylor, Higgins, Koenig & Windham and Clifford Emond, all of Birmingham, for appellee.

FOSTER, Justice.

This is an action under the homicide statute (section 123, Title 7, Code of 1940) for negligently or wantonly causing the death of plaintiff's intestate: counts one and two for negligence, three and four for wantonness. The defendants were two trustees of the St. Louis and San Francisco Railway Company, a corporation, and Walter Connell. All the counts allege in different language that defendants were engaged in operating railroad trains as a business; and in counts one, three and four that the servants, agents or employees of defendants caused plaintiff's intestate's death; and in count two that defendants negligently caused his death without mentioning the servants and agents. Counts one and two were charged out, and so was Walter Connell on all counts.

We have not undertaken to set out in detail any of those counts. There is no claim of their insufficiency, but that there was a variance in the proof: in that, the proof showed that defendant Connell was not engaged in the business of operating railroad trains, but was the engineer on the train which caused the death of decedent; and inferentially that he had no servants or agents in such operation; but that the trains were operated by the trustees through their servants, and agents, of whom Connell was one, and that on account of the variance all the defendants were due the affirmative charge.

It is probably true that the status of the evidence in that respect created a variance. McGhee v. Drisdale, 111 Ala. 597, 20 So. 391; Northern Alabama Ry. Co. v. Mansell, 138 Ala. 548, 36 So. 459; Dean v. E. T. V. & G. Rwy. Co., 98 Ala. 586, 13 So. 489; Hackney v. Perry, 152 Ala. 626, 44 So. 1029; Sloss-Sheffield S. & I. Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385.

By way of compliance with Rule 34, Circuit Court Practice, Code of 1940, Tit. 7 Appendix, defendant requested several affirmative charges in proper form with reference to the different counts and different defendants separately. At the conclusion of each of them it is stated "This charge

is requested because of a variance." Appellee insists that such statement does not comply with Rule 34 for two reasons: (1) That the reference to the variance in a requested charge is not sufficient because "the variance was (not) brought to the attention of said trial court by proper objection to the evidence," and (2) because the attention of the court with respect to the charge was not sufficiently specific.

As to the first contention we note that Rule 34, supra, requires proper objection to the evidence on that ground. That requirement is illustrated in the case of Cassady v. Williams, 234 Ala. 299, 174 So. 485, when the instrument offered was different from that described in the complaint. Also in United States Health & Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Reliance Life Ins. Co. v. Russell, 208 Ala. 559 (13), 94 So. 748; Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897.

The variance here is that the proof showed that the defendants were not all engaged in operating railroad trains as a business, and that no servant of each or all the defendants did the act, in that no servant of Connell was shown to be involved, but if Connell is liable it is by reason of his own act, not that of a servant. Plaintiff propounded interrogatories to the trustee defendants, and introduced their answers as evidence. In that manner plaintiff proved that the trustees were operating the trains and that Walter Connell was an engineer for them. Also plaintiff introduced the answers of Connell to interrogatories propounded to him. One was to state by whom he was employed, answer, by the trustees; then, in what business he was engaged, and his answer a railroad engineer; then to state his connection with the defendant trustees, and he answered that he was employed by them as an engineer; also that he was the engineer on the train involved in the collision with an automobile in which plaintiff's intestate was riding when he was killed. He was then called upon to state who had charge of the operation of the railroad train, and he answered that according to his information it was the named trustees, and that his connection with it was that of a locomotive engineer. He was then called on to give details as to the location and incidents of the accident.

In the case of Carter v. Shugarman, 197 Ala. 577, 73 So. 119, the variance was of a similar sort, the Court held that defendant did not properly take advantage of the variance by the request for the general charge for two reasons, one that he had not made objection to the evidence on that ground, and the other was that in requesting the charge a mere statement to the court that there was a variance is not sufficient.

It seems to us that the requirement of the rule that objection be made at trial is where there is a certain piece of evidence or bit of testimony which shows the variance and is not admissible for other necessary purposes. When that is not the situation, and the evidence which shows the variance consists of a summation of it, or inferences drawn from it in the course of the trial, and it is all admissible for other purposes, and therefore not subject to objection and exclusion on account of the variance, the rule should be held to be complied with if the general charge is requested, and the attention of the court is directed to the specific nature of the variance and what makes it so. But a general statement to the court that it is requested on account of a variance is not specific enough. Carter v. Shugarman, supra. It follows that the variance was not here properly presented to the trial judge under Rule 34, supra.

### Assignment No. 4.

This relates to a motion by defendants to exclude the testimony of Flavor Pritchett as to the speed of the train involved in the accident because he testified that he neither saw nor heard the train, and hence could not form an estimate as to its speed. The witness testified among other things that he did not see the train, and knew nothing of it until it hit the man; that it was flying, running forty or fifty miles an hour. While the value of his testimony was perhaps weakened on cross-examination, it does not follow that his estimate of the speed was illegal, because he never saw nor heard the train until it hit the man. He saw how far it traveled after doing so, and how fast it was moving immediately after the impact.

### Assignment No. 5.

This relates to the testimony of Ulysses Cobb also as to the speed of the train. His testimony in legal aspect is quite similar to that of Flavor Pritchett, and is subject to the same comment.

### Assignment No. 15.

This is based on the refusal of a motion for a new trial. In arguing this assign-

ment in brief, counsel for appellants state that the chief emphasis is placed on the ground that the verdict of the jury was contrary to the great preponderance of the evidence. Section 276, Title 7, Code.

Plaintiff's intestate was traveling north on Walker Street, in Birmingham, in a car driven by him. Going north is an upgrade to where the railroads cross it. There were three railroad tracks which cross it, west to east. The northern track was that of Birmingham Electric Company, the middle track was that of Birmingham Southern R. R. Company, and the southern track that of the St. Louis and San Francisco Rwy. Company, operated by defendant trustee. There was a house at the southwest corner of the intersection of Walker Street and the railroad right of way. At the time in question, shortly after one o'clock P. M., on a clear day, a train operated under the direction of the trustees for the Frisco Railway was proceeding on its track in an easterly direction toward the city. It was a passenger train consisting of an engine and eleven coaches. As the track extended to the crossing from the west, as the train was traveling, there was a sharp curve to the left, so that the engineer approaching the crossing from the west could not see it until he was fifteen or twenty feet away, though the fireman could see it for a greater distance. Decedent drove the automobile on the track without stopping before he reached it. The train was some twenty feet away. The engineer applied brakes, etc., but the train hit the automobile and ran about three hundred feet before it stopped. The only claim of liability submitted to the jury was that for wantonness, occurring before a discovery of the peril of decedent.

The basis of that claim is that (1) the train was running at a high rate of speed; (2) without warnings of approach, and (3) at a place where the trainmen in charge of it had reason to believe that there was likely to be a person in a dangerous position on the track, and in reckless disregard of that danger, proceeded thus to operate the train. Central of Georgia Rwy. Co. v. Pope, 221 Ala. 145, 127 So. 835.

Appellants concede in brief that the proof shows that the character of the crossing was such as to establish the existence of the third factor above, but insist that the train was not running at a high rate of speed, but to-wit only twenty miles an hour,

and that the statutory warnings of approach were given.

As to the speed of the train, there was evidence that it was running twenty miles an hour and evidence that it was running forty or fifty miles an hour. It is not our province to weigh this evidence, except to determine whether the verdict of the jury was contrary to the "great preponderance" of it. The same is true as to whether the signals of approach were given as required by law. There were several witnesses who testified that they were not given, or that they did not hear the signals. There were many witnesses for the defendant who testified both as to the speed of the train, and that the signals were given. They were in the main employees of defendant. We do not imply that this was discrediting, but juries may take that into consideration. We freely admit that the evidence for defendant in that respect seems to preponderate, but that is not enough. It must so greatly preponderate as clearly to convince us that the verdict is wrong and unjust, contrary to the opinion of the trial judge in denying the motion for a new trial.

The general rule in that respect, when the trial judge refuses to grant a new trial on that ground, is that "where there was evidence which if believed justified the verdict, motion for a new trial was properly overruled." Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219(12), 198 So. 350, 351; Nashville, C. & St. L. Rwy. Co. v. Prince, 212 Ala. 499, 103 So. 463; 15 Ala.Dig., New Trial, ☞ 70, 71.

Assignments 1, 2, 3, 16, 17 and 18.

These assignments relate to the action of the court in overruling objection to the questions to the widow of decedent, (1) how old a man was he when he was killed? her answer being "fifty"; (2) "before this occurred, was he a man in good health or not?" her answer was "it was very good"; (3) "did he have any physical defects?" her answer was "no."

The witness to whom those questions were addressed was the second to be examined. She knew nothing of the circumstances of the accident. At that time there had been no evidence of them, except as to some physical facts seen by a city motorscout who visisted the scene, and testified to conditions as he found them.

Appellee contends that the evidence was admissible on the question of contributory

negligence as a defense to counts one and two, not then out of the case, on the theory that contributory negligence had no application to minors of tender years: also that decedent did not die for two weeks, and it tended to show that the accident caused his death; and that if the evidence was erroneously allowed, it was not prejudicial, and not sufficient to cause a reversal.

At the time the evidence was offered, and the objection to it discussed by counsel, there was no contention made that it was material on any possible defense of contributory negligence. At that time there was no indication of whether the defense would be contributory negligence. That question did not seem to have been then considered. Assuming that even so, a reversal should not follow if it later became material, and it is contended that it did become material to show that he was not of tender years.

 But in making out his defense of contributory negligence, in the absence of any evidence or contention that decedent was of tender years, it will be presumed that he was of such age as to be responsible for his conduct. Gunter v. Hinson, 161 Ala. 536, 50 So. 86; 22 Corpus Juris 145, § 78; 31 C.J.S., Evidence, § 141. The same principle applies to the matter of the state of his health and physical defects.

There was no contention as to any of those matters at any time during the trial. The witness had testified that she was his widow, and therefore he could not have been an infant of tender years. It is apparent that such evidence was offered for some other purpose. The discussion of its admission on the objection and the colloquy with the court indicate that it was admitted on the theory that he died some two weeks after the accident, and to show that it resulted from the accident. But at the outset the record shows a stipulation of counsel that the deceased died as a result of those injuries. So that counsel for plaintiff did not have any further burden in that respect, and he was not authorized to introduce prejudicial matters to prove an admitted fact.

The evidence as to the age, health, and absence of physical defects of decedent was not material on any issue in the case. Richmond & Danville R. R. Co. v. Freeman, 97 Ala. 289, 294, 11 So. 800; Buckalew, Adm'r, v. T. C., I. R. R. Co., 112 Ala. 146(11), 20 So. 606; Shannon, Adm'r, v. Jefferson County, 125 Ala. 384, 27 So. 977; Louisville & N. R. R. Co. v. Tegner, 125

Ala. 593, 28 So. 510; Smith v. Birmingham Ry., Light & P. Co., 147 Ala. 702, 41 So. 307. Those cases and many others emphasize the fact that under the statute the damages are punitive only.

Those matters should not be permitted to influence the question of damages, and can have no place in the evidence in such a case, unless it be to counteract some contention of defendant on the claim of contributory negligence, or to sustain some other disputed issue in the case.

In the argument of plaintiff's counsel to the jury, a clear inference is subject to be drawn by the jury that such may be considered in fixing the amount of the damages. The court in that connection told the jury not to consider that argument as justifying a recovery for compensation if that is its effect. But it was illegally in evidence: counsel were making improper use of it, the remarks of the court did not eliminate it from the jury, and did not extend far enough. The court did not then, nor at any time, explain to the jury that those circumstances had no influence on the question, but only that they did not justify recovery for compensation.

We think the judgment should be reversed on account of admitting such evidence.

Reversed and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.