226 So.2d 84

LOUISVILLE & NASHVILLE RAILROAD CO.

v.

J. O. DAILEY.

1 Div. 543.

Supreme Court of Alabama.

Aug. 14, 1969.

**482**

Windell C. Owens, Monroeville, for appellant.

John M. Coxwell, Monroeville, for appellee.

SIMPSON, Justice.

The plaintiff below, Mr. Dailey, sued the railroad seeking damages for the death of eleven head of cattle killed on the railroad tracks of the defendant, charging defendant with negligence in running one of its trains into, over and against the cattle. The defendant filed a plea of the general issue, and two special pleas charging plaintiff with contributory negligence for permitting his cattle to run at large. The case went to the jury on one count which returned a verdict in favor of plaintiff in the amount of $1,200.00.

The railroad filed a motion for a new trial, which was denied. This appeal is from the final judgment.

The appellant argues that reversal is dictated here for failure of the trial court to grant its motion for a new trial on the ground that the verdict is contrary to the great weight of the evidence; that the railroad was entitled to the general affirmative charge; and that the court erred in charging the jury that it might consider negligence on the part of the railroad in connection with the negligent maintenance of the right of way, since negligence in this regard was not charged in the pleadings.

First, Title 48, § 173, Code, provides:

"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

The evidence in this case is as follows: The engineer testified that on the night the cows were killed, it was raining heavily; that the train had on its lights; that on a clear night with these lights it was possible to see 300 or 400 yards down a track, but that when it was raining real hard and the night was real black, as it was on the night of the accident, "I don't think we could have seen over a hundred

yards at the most". He further testified that the train was traveling about 35 miles an hour, and that at such a speed, with the weather conditions being as they were, it was impossible to stop the train within 300 feet. He testified that although the crew was keeping a lookout on the train, they were "right on" the cows when they saw them and were unable to stop the train before hitting them.

As pointed out, appellant in brief directs two points in its argument for reversal to the sufficiency of the evidence in general to sustain the verdict and judgment, and more specifically to the alleged variance between the pleading and proof in connection with the negligence alleged and that shown by the proof, i. e., appellant contending that the plaintiff alleged negligence in the operation of its train and proved negligence in the maintenance of the right of way.

On the first two points, as Justice Harwood, while serving on the Court of Appeals, so clearly pointed out in Louisville & N. R. Co. v. King, 37 Ala.App. 182, 67 So.2d 49, cert. den. 259 Ala. 358, 67 So.2d 51, a case strikingly similar on the facts:

"* * * a jury question was presented as to the engineer's negligence growing out of the evidence to the effect that the night was clear [here, dark and rainy]; that the headlight permitted observation of obstructions on the track possibly 200 feet ahead [here, 100 feet], but that at the speed he was operating the train it could not be stopped under 300 feet. A railroad company injuring stock by the running of its train in the nighttime at such rapid rate of speed that it is impossible by the use of ordinary means and appliances to stop the train and prevent injury, within the distance in which stock upon the track could be seen by the aid of the headlight is guilty of negligence, which if it caused the injury entitled the owner to recover.

Alabama Great Southern R. Co. v. Jones, 71 Ala. 487; Birmingham Mineral R. R. Co. v. Harris, 98 Ala. 326, 13 So. 377; Central R. & Banking Co. of Ga. v. Ingram, 98 Ala. 395, 12 So. 801; Louisville & Nashville R. Co. v. Davis, 103 Ala. 661, 16 So. 10; Louisville & Nashville R. Co. v. Kelton, 112 Ala. 533, 21 So. 819."

■ Clearly, within the principles so enunciated, the trial court properly submitted this question to the jury. There was then no error in refusing the affirmative charge at the defendant's request, and in light of the evidence adduced, no error in refusing to grant a new trial on the ground urged.

■ Additionally, appellant contends that a variance existed between the allegations and the proof, a claim also made in Louisville and N. R. Co. v. King, supra. There it was noted that Circuit Court Rule 34 provides as follows:

" 'Nor will the trial court be put in error for refusing the general affirmative charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the trial court by a proper objection to the evidence.' "

No objection was made in that case, and none was made here, and in fact nothing was done to point out the variance, if any, in this case. In such circumstances, we cannot reverse on that ground, assuming it would otherwise have merit.—Kurn v. Counts, 247 Ala. 129, 22 So.2d 725; Louisville & N. R. Co. v. King, supra.

No other objections having been raised, the judgment appealed from is affirmed.

Affirmed.

COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.